[S. F. No. 23463. Sept. 30, 1976.]

FREDERIKA GASSMAN et al., Plaintiffs and Appellants, v.
GOVERNING BOARD OF RINCON VALLEY UNION SCHOOL
DISTRICT OF SONOMA COUNTY, Defendant and Appellant.

RICHARD TRAVIS, Plaintiff and Respondent, v.
BOARD OF EDUCATION OF RINCON VALLEY UNION SCHOOL
DISTRICT et al., Defendants and Appellants.

**COUNSEL**

A. Leonard Bjorklund, Jr., and Christopher R. Savage for Plaintiffs and Appellants.

James P. Botz, County Counsel, and John C. Gaffney, Assistant County Counsel, for Defendants and Appellants.

No appearance for Plaintiff and Respondent.

**OPINION**

**TOBRINER, J.**—This case presents the narrow issue of whether a school district may refuse to rehire a probationary teacher for budgetary or financial reasons *pursuant to Education Code section 13443, subdivision (d)* (hereinafter section 13443(d)) or whether such an economic layoff may only be effected *pursuant to Education Code section 13447.* From the outset of the present controversy, defendant school district has contended that the terms of section 13443(d)—relating generally to the termination of a probationary teacher "for cause"—are broad enough to authorize

the district to terminate a probationary teacher because of anticipated financial difficulties of the district; defendant district has explicitly and repeatedly eschewed any reliance upon section 13447, the statutory provision which deals specifically with a school district's authority to lay off probationary and permanent teachers as part of a general reduction of its workforce.

The trial court in this administrative mandamus proceeding rejected the district's proposed statutory construction of section 13443(d) and determined that all economic layoffs of probationary teachers must be effected pursuant to section 13447; the court accordingly entered judgment in favor of plaintiff probationary teachers. The school district now appeals from that judgment.

We have concluded that the trial court judgment should be affirmed. As we explain, section 13447 affords permanent and probationary teachers numerous protections when such teachers lose their employment through no fault of their own as a result of the economic condition of their school district. Under the district's proposed interpretation of section 13443(d), however, the special protections adhering in section 13447 would be completely eviscerated, for a school district would be empowered to terminate a teacher "for cause"—thus circumventing section 13447—even when such termination was occasioned by the very circumstances encompassed by section 13447.

Although the district argues that in its present form section 13447 unduly restricts the district's authority to dismiss probationary employees on economic grounds, we have no occasion to determine the proper scope of section 13447 or to decide whether or not the layoffs at issue here were authorized under that section, for the district deliberately foreswore any reliance on section 13447 at the very outset of this proceeding. Accordingly, we hold only that the trial court correctly ruled that all economic layoffs of probationary teachers must be undertaken pursuant to section 13447 and that the defendant's action in the instant case was consequently invalid.

1. *Facts*

The facts in this case are not in dispute. On March 14, 1974, defendant district notified plaintiffs, probationary teachers employed by the district, that the school board had decided not to reemploy them for the upcoming 1974-1975 school year. The notice that plaintiffs received

explained that the school board anticipated financial difficulties in balancing its budget for the following school year due to several factors, including a decline in student enrollment and a return of several teachers who were then on leave; the notice also indicated that the board was contemplating reducing "certain other kinds of service" presently provided by the district. On the basis of these circumstances, the board had decided not to reemploy seven probationary employees. Although the notice clearly indicated that plaintiffs were not being laid off for misconduct or professional incompetency of any kind, it specified that the district, in effecting the layoff, was purporting to act under the authority of section 13443(d), the dismissal "for cause" provision, rather than under section 13447, which specifically authorizes dismissals relating to a district's reduction in its workforce.[1]

After receiving this notice of the district's intention not to rehire them, plaintiffs requested a hearing as authorized by statute. (Ed. Code, § 13443, subd. (b).) The district superintendent thereafter prepared and served plaintiffs with a formal "accusation" (Ed. Code, § 13443, subd. (c); Gov. Code, § 11503) which largely repeated the grounds for termination contained in the earlier notice. In explaining the legal basis for such termination, the accusation stated, inter alia, that "if the district is to stay within the limits of the income and revenue which the district will receive in 1974-1975, as required by Article XIII, section 40 [now Article XVI, section 18] of the State Constitution, it has been recommended and is in the best interest of the school district to reduce its staff of certified personnel." The accusation, like the earlier notice, specified that the district's action was taken pursuant to section 13443, rather than under section 13447, and that the district contended that its economic situation constituted "cause" for dismissal within the meaning of section 13443(d).

At the administrative hearing, held shortly thereafter, the school district's counsel confirmed that the district's recommendation of termination was not attributable to any alleged deficiency in the teachers' performance, but rested solely on the district's financial condition. At the hearing, defendant's counsel also formally stipulated that the district was not acting pursuant to section 13447, but was contending that the terminations were justified as terminations "for cause" under section

---

[1]As reflected in the copies of the notices included in the record, the notices as initially typed had included references to section 13447 as well as section 13443(d), but the district superintendent, who authored the letter, specifically crossed out all references to section 13447 before the notices were delivered to the teachers.

13443(d). With one minor exception not relevant to the instant appeal,[2] plaintiff teachers did not challenge the district's factual allegations with respect to the reasons for the termination or the financial situation of the district, but contended simply that the stated grounds for termination did not constitute "cause" for termination within the meaning of section 13443(d).

A week after the administrative hearing concluded, the hearing officer issued his proposed decision. Although finding that from currently available estimates of revenue and proposed expenditures the district did face financial difficulties in the upcoming year, the hearing officer concluded that such difficulties did not amount to "cause" for dismissal under section 13443(d). The hearing officer accordingly recommended that the pending accusation be dismissed.

On May 8, 1974, the school board met to consider the hearing officer's decision and recommendation. After hearing legal arguments from their own counsel and the teacher's counsel, the board voted to accept the hearing officer's findings of fact, but to reject his conclusions of law. Accordingly, the board concluded that its anticipated financial difficulties did constitute "sufficient cause for termination. . . pursuant to section 13443," and determined that plaintiffs would be terminated on that basis.

Shortly thereafter, plaintiffs filed the instant petitions for writ of mandate, seeking orders compelling the district to set aside its decision terminating their employment and requiring the district to reemploy them for the 1974-1975 school year. In addition, plaintiffs prayed for an award of attorney's fees pursuant to Government Code section 800, contending that the district's action in the matter was "arbitrary and capricious." In its answer, the district defended the legality of its action and also contended that the action should be dismissed as moot since the district, in the interim, had offered employment to all of the plaintiffs.

After reviewing the administrative record and listening to oral argument, the superior court determined initially that the action should

[2]One teacher, who has not appealed, contended that the district's termination of his employment was in reality in retaliation for his exercise of First Amendment rights. (See *Bekiaris* v. *Board of Education* (1972) 6 Cal.3d 575 [100 Cal.Rptr. 16, 493 P.2d 480].) The hearing officer and school board found that this allegation was untrue, and that finding is not in issue here.

not be dismissed as moot,[3] and then concluded, on the merits, that the anticipated financial problems of the school district did not amount to "cause" for termination within the meaning of section 13443(d). The court accordingly granted judgment in favor of plaintiffs, issuing the requested writ of mandate. At the same time, however, the court ruled that the district's action could not be characterized as "arbitrary or capricious" and it denied plaintiffs' request for attorney's fees.

Defendant school district now appeals from the issuance of the peremptory writ and plaintiffs cross-appeal on the issue of attorney's fees. We turn first to defendant's contention.

2. *A school district which wishes to lay off a probationary teacher because of financial difficulties must terminate such an employee pursuant to section 13447 and may not terminate such employee "for cause" under section 13443, subdivision (d).*

We note at the outset that the question presented on this appeal is *not* whether the school district, under *all* statutory provisions, possessed the authority to refuse to rehire plaintiff probationary teachers because of its anticipated financial difficulties. Instead, the issue before us is the much narrower question of whether the district was required to effect any such economic layoffs pursuant to section 13447,[4] as the trial court held, or

---

[3]Although the district had ultimately offered employment to all the plaintiffs, and three of the four plaintiffs had accepted the offer, plaintiffs contended that the action should not be dismissed as moot because the matter presented an important, novel legal issue and that without judicial resolution the district would undoubtedly reinvoke its broad interpretation of section 13443(d) in future years. The district's counsel conceded that he would continue to advise the school board of its authority to effect economic layoffs pursuant to section 13443(d), and the trial court concluded that "the question presented [is of] sufficient practical interest and concern that it [should] be decided in this proceeding." Neither party has questioned the propriety of the mootness determination on this appeal.

[4]Section 13447 provides in full: "No permanent employee shall be deprived of his position for causes other than those specified in Sections 13313, 13327 and 13338, and Sections 13403 to 13441, inclusive, and no probationary employee shall be deprived of his position for cause other than as specified in Sections 13442 and 13443, except in accordance with the provisions of Section 13319 and Sections 13447 to 13452, inclusive. ¶ Whenever in any school year the average daily attendance in all of the schools of a district for the first six months in which school is in session shall have declined below the corresponding period of either of the previous two school years, or whenever a particular kind of service is to be reduced or discontinued not later than the beginning of the following school year and when in the opinion of the governing board of said district it shall have become necessary by reason of either of such conditions to decrease the number of permanent employees in said district, the said governing board may terminate the services of not more than a corresponding percentage of the certificated employees of said district, permanent as well as probationary, at the close of the school year; provided,

whether the district could proceed by terminating such teachers for "cause" under section 13443(d),[5] as the district contends.

Although at first blush this narrow issue may seem of only technical and bureaucratic importance, the significance of the matter to the affected employees becomes apparent upon analysis of the disparate effects which flow from dismissal under each of the two different sections. Under section 13443(d), a probationary employee may be terminated for "cause" without regard to his relative seniority, and once terminated, he can claim no right to preference in rehiring or to reinstatement of retirement or seniority benefits if reemployed.

By contrast, a probationary employee may be laid off under section 13447 only in accordance with seniority ranking (see *Krausen* v. *Solano County Junior College Dist., supra,* 42 Cal.App.3d 394, 402) and, if terminated pursuant to section 13447, he retains explicit statutory preference to reemployment should the district, within the next two years, hire additional full-time or substitute teachers. (See Ed. Code, § 13448.5, subds. (a), (c)). Moreover, if such a teacher is rehired, he is

that the services of no permanent employee may be terminated under the provisions of this section while any probationary employee, or any other employee with less seniority, is retained to render a service which said permanent employee is certificated and competent to render. ¶ Notice of such termination of services either for a reduction in attendance or reduction or discontinuance of a particular kind of service to take effect not later than the beginning of the following school year, shall be given before the 15th of May in the manner prescribed in Section 13443, and services of such employees shall be terminated in the inverse of the order in which they were employed, as determined by the board in accordance with the provisions of Sections 13262 and 13263 of this code. In the event that a permanent or probationary employee is not given the notices and a right to a hearing as provided for in Section 13443, he shall be deemed reemployed for the ensuing school year. ¶ The board shall make assignments and reassignments in such a manner that employees shall be retained to render any service which their seniority and qualifications entitle them to render."

Although the language used in the second paragraph of the section is quite confusing, and does not make it clear that probationary employees are protected by the provision, the legislative history of the provision, the accompanying statutory provisions (e.g., Ed. Code, §§ 13448.5, 13449) and the additional portions of section 13447 itself (pars. 1 and 3) leave no doubt that the present section was intended to apply to probationary as well as permanent teachers. Numerous Court of Appeal decisions have so held (e.g., *Krausen* v. *Solano County Junior College Dist.* (1974) 42 Cal.App.3d 394, 405 [116 Cal.Rptr. 833]; *Burgess* v. *Board of Education* (1974) 41 Cal.App.3d 571, 578 [116 Cal.Rptr. 183]; *Karbach* v. *Board of Education* (1974) 39 Cal.App.3d 355, 361 [114 Cal.Rptr. 84]) and defendant district does not contend otherwise.

[5]Section 13443(d) provides in full:

"The governing board's determination not to reemploy a probationary employee for the ensuing school year shall be for cause only. The determination of the governing board as to the sufficiency of the cause pursuant to this section shall be conclusive, but the cause shall relate solely to the welfare of the schools and the pupils thereof and

entitled to full credit for all prior service with respect to both seniority and retirement benefits. (See Ed. Code, §§ 13448.5, subds. (b), (c), 13449.)

. This dramatic disparity in treatment rests upon readily apparent reasons. Termination "for cause" under section 13443, like dismissal "for cause" in most civil service provisions, emanates from the employee's own misconduct or teaching deficiencies; under such circumstances, of course, the employee has no legitimate claim that a less senior employee should be terminated in his place or that he deserves preference in rehiring. Termination under section 13447, by contrast, results not from any misconduct or deficiency on the part of the individual teacher, but from the school district's independent determination that it should reduce its workforce. In this context, respect for seniority rights and recognition of a terminated employee's entitlement to preferential consideration in rehiring follow quite naturally.

In the instant case, the school district has conceded that its determination not to rehire plaintiffs did not relate to any misconduct on their behalf or to any deficiency in their teaching performance; the sole justification for the proposed terminations was that the district's financial condition required a reduction in the district's workforce. Although the district acknowledges that none of the scores of prior decisions dealing with terminations for "cause" under section 13443(d) sanction the use of this section for purely economic layoffs, the district nevertheless contends that the "for cause" language of section 13443(d) is broad enough to encompass *any* reason for termination which relates "to the welfare of the schools and the pupils thereof," including reasons which do not relate to a teacher's personal conduct or teaching ability.

As the above analysis indicates, however, acceptance of the district's proposed expansive interpretation of section 13443(d) would effectively . eliminate the numerous protections currently afforded probationary teachers pursuant to section 13447 and its accompanying provisions.

provided that cause shall include termination of services for the reasons specified in Section 13447. The decision made after the hearing shall be effective on May 15 of the year the proceeding is commenced."

Although the second sentence of the section specifically provides that "cause shall include termination of services for the reasons specified in section 13447," in light of the district's stipulation that it was not proceeding under section 13447, the question at issue here is whether, *aside from its reference to section 13447,* section 13443(d) affords the district *independent authority* to lay off a probationary teacher for economic reasons. All parties agree that this last query frames the issue before the court.

Although in the instant case we have no indication that the school district proceeded under section 13443 for the purpose of circumventing the protections of section 13447,[6] the inevitable consequence of the district's construction of section 13443(d) would be to leave the treatment of such probationary employees to the total discretion of the governing school board. That result cannot be reconciled with the statutorily guaranteed protections which the Legislature afforded such employees in sections 13447, 13448.5 and 13449. Consequently, we conclude that defendant could not properly proceed under section 13443(d) in the present case. (See *Karbach* v. *Board of Education, supra,* 39 Cal.App.3d 355, 361. See generally Note, *Teacher Dismissals Under Section 13447 of the California Education Code* (1976) 27 Hastings L.J. 1401.)

In contending that a school district retains authority to dismiss employees for economic reasons beyond those contemplated by section 13447, defendant district relies most heavily on dictum in an early Court of Appeal decision, *Martin* v. *Fisher* (1930) 108 Cal.App. 34 [291 P. 276]. In *Martin,* a permanent teacher who had been terminated without proper notice successfully obtained a writ of mandamus ordering her reinstatement; the district did not appeal the validity of the reinstatement order. Thereafter, the teacher sought to obtain back pay for the two-year period between her wrongful dismissal and her ultimate reinstatement. The school district defended this latter suit on the ground, inter alia, that no funds were left in the annual budgets for the years in question and, consequently, that the teacher's recovery foundered on the bar of the municipal debt limitation provision of the California Constitution, which generally precludes a local school board from incurring, in a given fiscal year, liabilities exceeding its revenue.[7]

The *Martin* court, accepting the school district's contention in part, concluded that a teacher seeking back pay occupies a comparable

[6]The employees chosen for termination apparently possessed the least seniority of all probationary teachers, and the school board, by resolution, indicated a willingness to rehire the teachers if economic conditions permitted. The school board's resolution, however, did not guarantee plaintiffs all of the rights afforded by sections 13448.5 and 13449, and, in any event, the board was of course free to repeal its own resolution at any time.

[7]At the time *Martin* was decided, the municipal debt limitation provision was embodied in article XI, section 18, which read: "No county, city, town, township, board of education, or school district shall incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose." At present, the comparable municipal debt limitation provision appears in article XVI, section 18 of the California Constitution.

position to that of any other contract creditor of the district and, consequently, if the district had expended all of its available revenues in each of the years in question at the time the debt arose, the teacher would be precluded by the constitutional provision from recovering the salary that was due.

After reaching this conclusion with respect to the teacher's right to collect a money judgment, however, the *Martin* court went far beyond the issue before it and included an additional passage which the defendant school district has seized upon in the instant case. The passage in question states: "[Section 1609] of the Political Code [a forerunner of, inter alia, Education Code section 13447] provides three occasions for the dismissal of a permanent teacher. The first is upon charges brought, and after a hearing, and upon any of the grounds specified. The second is upon the decrease of the number of pupils attending the schools of the district, so that the dismissal of the teacher becomes necessary. The third is upon the discontinuance of a course of instruction in which a teacher is engaged. *To these statutory grounds of dismissal we conclude that the Constitution adds another, namely, lack of available revenue during a fiscal year to pay the salary of a teacher.*" (Italics added.) (108 Cal.App. at p. 41.)

■ Relying on this emphasized language, defendant district contends that if the constitutional debt-limitation provision establishes an economic ground for dismissal independent of section 13447, as the *Martin* dictum suggests, the school board's action in the instant case—taken to avert an anticipated unbalanced budget—should be considered a valid termination of its probationary employees' employment. The principal flaw in this argument rests in the invalidity of the *Martin* dictum itself. Even if, as *Martin* held, the debt limitation provision may in rare instances afford a school district a defense to a teacher's action *for payment of salary,* it simply does not follow that a district's lack of funds—and a fortiorari its anticipated lack of funds—provides a district the authority *to dismiss or terminate* an employee for grounds not contemplated by statute.

A school district facing an anticipated unbalanced budget has a variety of means of meeting its financial problems: it may, for example, reduce the number of permanent and probationary teachers pursuant to section 13447, limit salary increases—or impose salary cuts—among its present employees, or reduce other administrative expenses. Although the debt

limitation provision represents a directive to the school district to live within its means, the constitutional provision does not purport to enlarge a school district's authority to dismiss employees over and above the authority that the Legislature has specifically granted such districts. *Martin*'s interpretation of the debt-limitation provision, like defendant's proposed construction of section 13443(d), would completely undermine the numerous statutory protections afforded teachers under section 13447 and the accompanying provisions; defendant has made no showing that the constitutional provision was intended to have such an effect. Accordingly, we conclude that the passage in *Martin* relied upon by defendant is in error and is hereby disapproved.[8]

Finally, defendant contends that in its present form section 13447 does not afford a school district sufficient latitude to reduce its workforce to meet a financial crisis; the district consequently urges our court to interpret section 13443(d) so as to permit economic layoffs in addition to those allowed under section 13447. In the first place, however, we have no occasion in the instant case to interpret the scope of section 13447 or to decide whether or not the school district could have effected its proposed layoffs under that section, for the district itself, by its stipulation early in these proceedings, removed any such issue from this case. Moreover, and more fundamentally, if the district is dissatisfied with the present authority granted it by section 13447, its remedy, of course, is to seek expansion of that statutory authority from the Legislature; the judiciary enjoys no prerogative to override legislative policy judgments in such matters. (See *Burgess* v. *Board of Education,* *supra,* 41 Cal.App.3d 571, 581.)

Accordingly, we conclude that the trial court properly determined that the district was not entitled to dismiss plaintiffs "for cause" under section 13443(d).

3. ▇ *The trial court did not abuse its discretion in denying plaintiffs' request for attorney's fees.*

In their cross-appeal, plaintiffs assert that the trial court abused its discretion in denying their claim for attorney's fees under Government

---

[8]The *Martin* dictum was quoted in another early Court of Appeal decision, *Briney* v. *Santa Ana High School Dist.* (1933) 131 Cal.App. 357, 363-364 [21 P.2d 610]. *Briney,* like *Martin,* did not involve a teacher who was in fact dismissed on such economic grounds, but was concerned instead only with a school district's monetary liability for a back pay award. Insofar as the *Briney* decision incorporates the erroneous *Martin* dictum, *Briney* is similarly disapproved.

Code section 800,[9] contending that the school district's counsel acted "arbitrarily and capriciously" in advising the school board that it could lay off plaintiffs pursuant to section 13443(d) even though no prior case had upheld an economic layoff under that section. As the record before us reveals, however, from the outset of this proceeding the district's counsel specifically relied upon the passage in the Court of Appeal opinion in *Martin* discussed above. Although, as we have explained, that passage is erroneous and should not be followed, at the time defendant's counsel advised the school board that it had the authority to take the action at issue here, *Martin* had not been specifically disapproved. Under these circumstances, we cannot say that the trial court abused its discretion in declining to award plaintiffs attorney's fees under Government Code section 800.

In sum, we affirm the judgment in its entirety. Plaintiffs shall recover their costs on appeal.

Wright, C. J., McComb, J., Mosk, J., and Clark, J., concurred.

---

[9]Section 800 provides in relevant part: "In any civil action to appeal or review the award, finding, or other determination of any administrative proceeding under this code or under any other provision of state law, . . . *where it is shown that the award, finding, or other determination of such proceeding was the result of arbitrary or capricious action or conduct by a public entity or an officer thereof in his official capacity,* the complainant if he prevails in the civil action may collect reasonable attorney's fees, but not to exceed one thousand five hundred dollars ($1,500), where he is personally obligated to pay such fees, from such public entity, in addition to any other relief granted or other costs awarded." (Italics added.)