[Civ. No. 62298. Second Dist., Div. Four. May 21, 1982.]

CALIFORNIA TEACHERS ASSOCIATION et al., Plaintiffs and Appellants, v.
BOARD OF TRUSTEES OF THE GOLETA UNION SCHOOL DISTRICT, Defendant and Respondent.

**COUNSEL**

Raymond L. Hansen, Charles R. Gustafson and A. Eugene Huguenin, Jr., for Plaintiffs and Appellants.

Liebert, Cassidy & Frierson, Larry J. Frierson and Bruce A. Barsook for Defendant and Respondent.

**OPINION**

**BOBB, J.\***—Petitioners, California Teachers Association and named permanent certified employees of the Goleta Union School District, appeal a judgment denying a petition for a peremptory writ of mandate. The petition sought to set aside a decision of the respondent, Board of Trustees of the Goleta Union School District (hereinafter Board), not to rehire the named employees for the 1980-1981 school year.

In March 1980, the individual petitioners were given notice that the district superintendent was recommending to the Board that 11 kinder-

---

\*Assigned by the Chairperson of the Judicial Council.

garten through sixth grade classes be eliminated and that the teachers of those classes, petitioners herein, not be rehired for the ensuing school year. His recommendation was made pursuant to Education Code section 44955, which permits school districts to terminate certificated employees when a particular kind of service is being reduced or discontinued.

On petitioners' request, a hearing was held before an administrative law judge. He concluded that the elimination of the 11 kindergarten through sixth grade classes did not constitute the reduction or discontinuance of particular kinds of services within the meaning of Education Code section 44955.

At the hearing, evidence was uncontroverted that the elimination of the 11 kindergarten through sixth grade classes would neither increase the class size within the district nor change the pupil-teacher ratio. There was no evidence that the district's program would fall below state mandated levels as the result of the elimination of these classes.

The Board disagreed with the administrative law judge's finding. It decided that elimination of the 11 kindergarten through sixth grade classes was the reduction of a particular kind of service within the meaning of the Education Code, and ordered the termination of the 11 certified positions. Thereafter petitioners sought a writ of mandate.

The trial court found that the elimination of the 11 classes was a reduction of a particular kind of service and denied the petition. We agree with the trial court.

Education Code section 44955 provides, in pertinent part: "... [W]henever a particular kind of service is to be reduced or discontinued ... and when in the opinion of the governing board of said district it shall have become necessary by reason of ... such condition[s] to decrease the number of permanent employees in said district, the said governing board may terminate the services of not more than a corresponding percentage of the certificated employees of said district...."

Neither the Education Code nor legislative history defines "reduction of a particular kind of service." *Burgess* v. *Board of Education* (1974) 41 Cal.App.3d 571 [116 Cal.Rptr. 183], on which appellants' rely, construed it to be the reduction of a service which the district could also eliminate. That narrow construction has not been followed in subse-

quent decisions. These later decisions have determined that a service, including a specific course offering, which can be reduced but not eliminated is also a particular kind of service as long as a district does not reduce the service below the level required by law.

In *Burgess* v. *Board of Education, supra,* 41 Cal.App.3d 571, a school district faced with financial problems decided to increase class size and pupil-teacher ratio in kindergarten through twelfth grade. The court held that the district's action was improper because it constituted a reduction in teaching in general, and not in a particular kind of service. The court construed the Legislature's intent in using the term "particular kind of service" to refer only to a kind of service that a school district may discontinue as well as reduce.

The court reasoned that since the statute prior to Education Code section 13447 (which was later renumbered § 44955) allowed teacher dismissals only in order to discontinue a particular kind of service, that when the Legislature in 1970 added "reduction" to the present statute and did not change the phrase "particular kind of service," the Legislature intended to refer to the same definition of "particular kind of service" in both statutes.

The reasoning of *Burgess* has never been followed. In *Rutherford* v. *Board of Trustees* (1976) 64 Cal.App.3d 167, 177-179 [134 Cal.Rptr. 290], this court held that reduction of nursing staff, a service which cannot be entirely discontinued, is a proper reason for employee dismissal under Education Code section 13447. The court noted that "even though a service must continue to be performed in a school district, the particular kind of service of the employee may be eliminated." (At p. 177.)

In *Degener* v. *Governing Board* (1977) 67 Cal.App.3d 689, 695 [136 Cal.Rptr. 801], the court that decided *Burgess* considered the question of whether a school district could reduce physical education, a service which it could not eliminate. The *Burgess* rationale was abandoned and the following standard was adopted: With regard to "a reduction of a specific curricular offering, . . . logic and sound policy dictate that '[a]s long as a district does not reduce its offerings in a code-mandated course below the level required by law, that reduction should be considered a reduction of a particular kind of service. . . .' (See *Teacher Dismissals Under Section 13447 of the California Education Code* (1976) 27 Hastings L.J. 1401, 1411, cited by the Supreme Court in

*Gassman* v. *Governing Board* (1976) 18 Cal.3d 137, 146 . . . .)" (*Degener, supra*, at p. 695.)

*Campbell Elementary Teachers Assn., Inc.* v. *Abbott* (1978) 76 Cal.App.3d 796, 811 [143 Cal.Rptr. 281], found the following to be particular kinds of services which .could be eliminated: Reading specialists, consultants, nurses, counselors, instrumental music teachers, master teachers, traveling librarians, learning assistance teachers, psychologists, speech therapists and title I specialists. Citing *Degener* and *Rutherford*, the court stated that "[p]articular services provided by the district in excess of the minimum mandated by statute are subject to discretionary reduction under section 13447." (*Campbell Elementary Teachers Assn., Inc.* v. *Abbott, supra*, at p. 811.)

Thus, a particular kind of service includes a service or curricular offering which cannot be eliminated, but can be reduced to the minimum level required by law. Since high school offerings, such as mathematics, science, history and art, are particular kinds of service, logically elementary grade classes which teach the same offerings, although with a single teacher, are particular kinds of service. Neither the statute nor case law dictate that school districts should be precluded from reducing services on an equal basis as high school districts, merely because the former organize their curriculum in a multidisciplinary manner.

In the present case the 11 kindergarten through sixth grade classes are curricular offerings reduced to a level above that required by law and therefore constitute a particular kind of service.

Appellants argue that, even if elementary classes are a particular kind of service, reducing the number of classes in order to maintain the same level of service is not the "reduction" of service required by Education Code section 44955. This contention has been rejected. "A board may 'reduce services' . . . by determining that proffered services shall be reduced in extent because fewer employees are made available to deal with the pupils involved. [This] determination falls within the statutory language." (*Rutherford* v. *Board of Trustees, supra*, 64 Cal. App.3d 167, 178-179.)

Accordingly, we conclude that a reduction of 11 kindergarten through sixth grade classes is a reduction of a particular kind of service,

and the termination of the teachers who provided those services is permitted under Education Code section 44955.

The Judgment is affirmed.

Kingsley, Acting P. J., and Files, J.,* concurred.

A petition for a rehearing was denied June 14, 1982, and appellants' petition for a hearing by the Supreme Court was denied August 11, 1982. Bird, C. J., was of the opinion that the petition should be granted.

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairperson of the Judicial Council.