[No. C013345. Third Dist. May 23, 1994.]

SUSAN COUSINS, Plaintiff and Appellant, v.
WEAVERVILLE ELEMENTARY SCHOOL DISTRICT et al., Defendants
and Respondents.

COUNSEL

Bartley S. Fleharty, Wells, Wingate, Small & Graham and Donald A. Selke, Jr., for Plaintiff and Appellant.

L. Alan Swanson and Bandell Swanson for Defendants and Respondents.

## OPINION

**RAYE, J.**—Plaintiff Susan Cousins appeals from an order of dismissal entered after the superior court sustained a demurrer to her petition for writ of mandate and damages challenging her termination by defendant Weaverville Elementary School District (District). Cousins, a certificated probationary employee of District, asserts that because her termination was based on economic considerations District was obligated but failed to comply with the procedures prescribed by Education Code sections 44949 and 44955 for economic layoffs. The District contends that under Education Code section 44929.21 it had the absolute right to dismiss Cousins without cause, without a statement of reasons and with no right to administrative hearing or appeal even where the dismissal is based on declining enrollment or other reasons encompassed by sections 44949 and 44955. We disagree with the District's position and shall reverse the order of dismissal.

### FACTUAL PROCEDURAL BACKGROUND

As in any appeal from a judgment of dismissal after a demurrer is sustained without leave to amend, we begin with an examination of the facts set forth in the petition. We assume the truth of all such facts. (*Serrano* v. *Priest* (1971) 5 Cal.3d 584, 591 [96 Cal.Rptr. 601, 487 P.2d 1241, 41 A.L.R.3d 1187].)

Cousins was a certificated probationary employee of District, a school district in which the average daily attendance exceeds 250 students. The 1990/1991 school year was Cousin's second consecutive year as a certificated probationary employee. During the 1990/1991 school year District determined it was necessary to terminate the services of certificated employees for economic reasons because of anticipated financial difficulties. District decided to terminate Cousins and served her with a notice of nonreelection under Education Code section 44929.21 in lieu of procedures under Education Code sections 44949 and 44955. The former option was chosen to save District the time and expense of conducting procedures required under sections 44949 and 44955. The notice of nonreelection was served on March

12, 1991, and terminated Cousins effective June 30, 1991. In a letter explaining the reason for Cousins' termination, the Weaverville Elementary principal stated the termination was "the result of a financial exigency and is not related to teaching performance. If a position were available for which [petitioner] were qualified, I would have no reservations about hiring her."

On October 23, 1991, Cousins filed a petition for writ of mandate asserting District failed to comply with Education Code sections 44955 and 44949. Relying on *Gassman* v. *Governing Board* (1976) 18 Cal.3d 137 [133 Cal.Rptr. 1, 554 P.2d 321], Cousins argued District could not circumvent the protections afforded probationary employees in layoff situations by terminating her with a notice of nonreelection under Education Code section 44929.21, subdivision (b).

District filed a motion to strike portions of Cousins' declarations and a demurrer. In its demurrer District argued Cousins failed to state a cause of action since District could terminate her without cause under Education Code section 44929.21, subdivision (b). The trial court agreed and sustained the demurrer without leave to amend. After entry of the order of dismissal, Cousins filed a timely notice of appeal.

## DISCUSSION

The Education Code establishes two major classes of certificated school employees, permanent and probationary. (Ed. Code, § 44929.21; further statutory references are to the Education Code unless otherwise indicated.) Unlike probationary employees, permanent employees enjoy tenure and may only be dismissed for cause. (§§ 44955, 44932-44947.) A probationary employee enjoys less job security; although dismissal during the school year must be based on cause, a probationary teacher may be dismissed at the end of the school year by a simple notice of nonreelection. (§ 44929.21.)[1] In school districts with an average daily attendance of 250 or more a probationary employee becomes permanent upon the commencement of a third consecutive school year in a certificated position. (*Ibid.*) This appeal requires us to apply two related provisions of the Education Code governing the termination of certificated probationary school employees: section 44929.21 permitting "nonreelection" of probationary teachers without cause or hearing; and section 44955, applicable only to "economic layoffs," which imposes restraints and hearing requirements. Both provisions are the product of

---

[1]"Historically courts and legislature have referred to termination of employment of probationary employees whether during the school year as well as at the end of the school year, as a dismissal." (39 Ops.Cal.Atty.Gen. 186, 190 (1962).) In the present case we are only concerned with provisions relating to dismissal at the end of the school year, an action also referred to as "nonreelection."

the same 1983 statute. A brief review of the statute's history is helpful in understanding the issues under consideration.

*Pre-1983 Statutory Provisions*

The statutory protections afforded probationary teachers have followed a circular path since their initial enactment. Under early provisions relating to the hiring and dismissal of teachers, all teachers were subject to annual hiring decisions. School districts exercised absolute discretion in making those decisions. (Former Pol. Code, § 1609 as added by Stats. 1917, ch. 552, § 8, p. 737.) Later, distinctions were made between permanent employees, who enjoyed tenure and could only be dismissed for cause, and probationary employees, who could only be dismissed for cause during the school year but remained subject to dismissal at the end of each school year with or without cause. (Former Pol. Code, § 1609, subds. (i) and (j), as amended by Stats. 1921, ch. 878, § 1, pp. 1665-1666.) That right was expanded in 1935 to require in larger districts that any decision not to rehire be for cause. "Cause" could only relate to the welfare of the schools and pupils (Former Sch. Code, § 5.682, as amended by Stats. 1935, ch. 697, § 1, p. 1895.) While the right to a hearing was not expressly granted, it was implied (*Keenan* v. *S. F. Unified School Dist.* (1950) 34 Cal.2d 708 [214 P.2d 382]; *Tucker* v. *S. F. Unified School Dist.* (1952) 111 Cal.App.2d 875 [245 P.2d 597]) and in 1953 was made express. (Ed. Code, § 13583 as amended by Stats. 1953, ch. 1040, § 1, p. 2508.) These requirements survived subsequent amendments to the Education Code until 1983.

Provisions of section 44955 pertaining to layoffs also trace their origin to former Political Code section 1609, as amended in 1921 (Stats. 1921, ch. 878, § 1, p. 1666) which created the permanent/probationary employee classifications. The legislative scheme contained two components: 1) It established specified economic reasons, declining enrollment and discontinuance of services, as grounds for termination of permanent employees. Probationary employees remained terminable at will and thus were not included in the provision. 2) The statute required such economic layoffs to proceed in order of seniority and created a reemployment preference for laid off employees with credit for prior service in the calculation of certain benefits. However, the layoff provisions accorded no right to a hearing.

Despite changes in rules pertaining to probationary employees requiring nonreelection to be based on cause (Stats. 1935, ch. 697, § 1, p. 1895) and affording a right to hearing (Stats. 1953, ch. 1040, § 1, p. 2508) the layoff provisions of the Education Code were not expressly made applicable to probationary employees until 1959 when former section 13447 was enacted

(Stats. 1959, ch. 2, § 1, pp. 595, 949). However, because earlier versions of the statute required probationary employees to be terminated before permanent employees could be terminated, one could infer that declining enrollment and discontinuance of services constituted "cause" for termination of probationary employees. Nevertheless, probationary employees, unlike permanent, were not accorded seniority rights, and enjoyed no reemployment preference. The primary effect of the 1959 amendments therefore was to accord probationary employees laid off because of declining enrollments or discontinuance of services important rights previously limited to permanent employees: layoff based on seniority, a preference in reemployment and other benefits premised on prior service.

Finally, in 1967 the decision to terminate based on economic reasons was made subject to the hearing and procedural requirements applicable to the nonreelection of probationary employees. (§ 13447, as amended by Stats. 1967, ch. 1040, § 1, p. 2647.) The provisions were set forth in former sections 13443 and 13447 when the Supreme Court decided *Gassman* v. *Governing Board, supra,* 18 Cal.3d 137. In *Gassman* a school district notified two probationary employees they would not be reemployed for the following school year. The district told the employees their termination was based on economic considerations, not performance. (*Id.* at pp. 140-141.) Nevertheless, the district elected to proceed under section 13443, termination for cause (now § 44949) rather than section 13447, specifying dismissals relating to a school district's reduction in work force (now § 44955). *Gassman* "present[ed] the narrow issue of whether a school district may refuse to rehire a probationary teacher for budgetary or financial reasons *pursuant to Education Code section 13443, subdivision (d)* . . . or whether such an economic layoff may only be effected *pursuant to Education Code section 13447*." (18 Cal.3d at p. 139, italics in original.)

Like the school district here, the district in *Gassman* asserted its authority to terminate probationary employees was not limited by the provisions on economic layoffs even though the termination was motivated by economic considerations; it could instead rely on the generic dismissal statute, which in 1976 required a notice of nonreelection to be based on "cause." Noting "acceptance of the district's proposed expansive interpretation of section 13443(d) would effectively eliminate the numerous protections afforded probationary teachers pursuant to section 13447. . ." (18 Cal.3d at p. 145) the court held all economic layoffs of probationary teachers must be taken pursuant to section 13447. (18 Cal.3d at p. 140.)

*Post-1983 Requirements*

Educational reforms which became effective in 1983 resulted in significant changes to rules pertaining to the termination of probationary employees. The period of probation was reduced from three to two years. However,

language requiring nonreelection to be based on cause was eliminated. Section 44929.21, subdivision (b) requires the governing board of school districts having an average daily attendance of 250 or more to give certificated probationary employees notice of the decision to elect or not elect the employee for the next school year by March 15 of the employee's second school year.[2] If no notice is given, the employee is deemed reelected.[3] The law pertaining to nonreelection of probationary employees was thus returned in large part to its 1921 origins. ■ "Probationary teachers may be nonreelected without any showing of cause, without any statement of reasons, and without any right of appeal or administrative redress." (*Bellflower Education Assn.* v. *Bellflower Unified School Dist.* (1991) 228 Cal.App.3d 805, 808 [279 Cal.Rptr. 179].) However, provisions pertaining to the layoff of probationary and permanent teachers remain essentially unchanged. Section 44955, subdivision (a) provides that ". . . no probationary employee shall be deprived of his or her position for cause other than as specified in section . . . 44949 . . . ." The "cause" so specified is that a permanent or probationary employee's "services will not be required for the ensuing year for the reasons specified in Section 44955, [subdivision (a)] . . . ."[4] The reasons referred to in section 44955 are "budgetary or financial reasons."

[2]The provision expressly provides only for notices prior to the second year of employment, providing room for an argument that it is limited to second-year teachers. That argument was rejected in *Grimsley* v. *Board of Trustees* (1987) 189 Cal.App.3d 1440, 1447 [235 Cal.Rptr. 85]. Plaintiff here was in any event a second year teacher when the notice was provided.

[3]Section 44929.21, subdivision (b) reads in full: "Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for two complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district.

"The governing board shall notify the employee, on or before March 15 of the employee's second complete consecutive year of employment by the district in a position or positions requiring certification qualifications, of the decision to reelect or not reelect the employee for the next succeeding school year to the position. In the event that the governing board does not give notice pursuant to this section on or before March 15, the employee shall be deemed reelected for the next succeeding school year.

"This subdivision shall apply only to probationary employees whose probationary period commenced during the 1983-84 fiscal year or any fiscal year thereafter."

[4]Section 44955, subdivisions (a) and (b) state: "(a) No permanent employee shall be deprived of his or her position for causes other than those specified in Sections 44907 and 44923, and Sections 44932 to 44947, inclusive, and no probationary employee shall be deprived of his or her position for cause other than as specified in Sections 44948 to 44949, inclusive.

"(b) Whenever in any school year the average daily attendance in all of the schools of a district for the first six months in which school is in session shall have declined below the corresponding period of either of the previous two school years, whenever the governing board determines that attendance in a district will decline in the following year as a result of the termination of an interdistrict tuition agreement as defined in Section 46304, whenever a particular kind of service is to be reduced or discontinued not later than the beginning of the

(*Gassman v. Governing Board, supra,* 18 Cal.3d at p. 139.) ▮ Do the 1983 amendments to the Education Code alter the outcome of the question considered in *Gassman?* District argues the amendments totally alter the legal landscape and *Gassman* "has nothing to do with the facts at hand." We disagree.

Here, as in *Gassman* we are faced with two statutes: a narrowly prescribed statute authorizing the termination of probationary employees at the end of a school year for economic reasons and a general statute granting broader authority to terminate. In *Gassman* the general statute was more restrictive; terminations could only be premised on cause. The court determined that in light of the special statute which covered the precise basis for dismissal there alleged, "cause" could not be construed to include the same reasons. To do so "would effectively eliminate the numerous protections currently afforded probationary teachers." (18 Cal.3d at p. 145.) Unencumbered by a require-ment of cause, district here asserts absolute authority to dismiss probationary teachers for any reason or no reason at all. Thus, whether an employee dismissed for economic reasons receives the benefit of section 44955 rests within the unfettered discretion of the school district. Such a reading of the statutes defies both common sense and the apparent intent of the Legislature which we are constrained to uphold.

Because sections 44929.21, 44949 and 44955 are in pari materia, we must construe them together as one statute. ▮ As expressed in *City of Huntington Beach* v. *Board of Administration* (1992) 4 Cal.4th 462 [14

following school year, or whenever the amendment of state law requires the modification of curriculum, and when in the opinion of the governing board of the district it shall have become necessary by reason of any of these conditions to decrease the number of permanent employees in the district, the governing board may terminate the services of not more than a corresponding percentage of the certificated employees of the district, permanent as well as probationary, at the close of the school year. Except as otherwise provided by statute, the services of no permanent employee may be terminated under the provisions of this section while any probationary employee, or any other employee with less seniority, is retained to render a service which said permanent employee is certificated and competent to render.

"In computing a decline in average daily attendance for purposes of this section for a newly formed or reorganized school district, each school of the district shall be deemed to have been a school of the newly formed or reorganized district for both of the two previous school years.

"As between employees who first rendered paid service to the district on the same date, the governing board shall determine the order of termination solely on the basis of needs of the district and the students thereof. Upon the request of any employee whose order of termina-tion is so determined, the governing board shall furnish in writing no later than five days prior to the commencement of the hearing held in accordance with Section 44949, a statement of the specific criteria used in determining the order of termination and the application of the criteria in ranking each employee relative to the other employees in the group. This require-ment that the governing board provide, on request, a written statement of reasons for determining the order of termination shall not be interpreted to give affected employees any legal right or interest that would not exist without such a requirement."

Cal.Rptr.2d 514, 841 P.2d 1034], "In this regard, all parts of a statute should be read together and construed in a manner that gives effect to each, yet does not lead to disharmony with the others." (*Id.* at p. 468.) "Moreover, every statute should be construed with reference to the whole system of law of which it is a part so that all may be harmonized and have effect. [Citation.] If possible, significance should be given to every word, phrase, sentence and part of an act in pursuance of the legislative purpose. [Citation.] Such purpose will not be sacrificed to a literal construction of any part of the act." (*County Sanitation Dist.* v. *Harbor Ins. Co.* ▉ (Cal.App.).)

▉ District urges us to apply one part of the statute, section 44929.21 according to its terms while ignoring sections 44949 and 44955 of the same act. Although section 44929.21 when viewed in isolation may support District's claims, we are obliged to give effect "to the statute as a whole and to every word and clause thereof, leaving no part or provision useless or deprived of meaning." (*Granberry* v. *Islay Investments* ▉ (Cal.App.).)

When read together it is apparent that section 44929.21 is qualified by sections 44955 and 44949. A school district may elect not to retain a probationary employee and need not assert a reason for termination but where, as here, it is undisputed that termination was prompted by the conditions described in section 44955 (decline in daily attendance, reduction or discontinuance of services, modification of curriculum) then a school district is obliged to provide appropriate notice and right to a hearing as prescribed by section 44949. Layoffs must proceed in accordance with the criteria set forth in section 44955 and the procedures prescribed by section 44949. (Cf. *Burgess* v. *Board of Education* (1974) 41 Cal.App.3d 571 [116 Cal.Rptr. 183]; *Karbach* v. *Board of Education* (1974) 39 Cal.App.3d 355 [114 Cal.Rptr. 84].) "In the event that a permanent *or probationary* employee is not given the notices and a right to a hearing . . . he or she shall be deemed reemployed for the ensuing school year." (§ 44955, subd. (c).)

This reading is also consistent with the rule that specific provisions are paramount over general ones. (Code Civ. Proc., § 1859; *Taylor* v. *Board of Trustees* (1984) 36 Cal.3d 500, 513 [204 Cal.Rptr. 711, 683 P.2d 710].) Section 44955 is a specific provision dealing with terminations for economic reasons and, when applicable, prevails over the general provisions of section 44929.21.

Any doubt as to the proper construction of the statutory scheme here at issue is resolved by reference to legislative history and the public policies

therein reflected. Historically, provisions on economic layoffs served two discrete purposes: they provided authority for the dismissal of permanent employees and served to establish seniority as the principle controlling the order of layoffs and reemployment. While these protections were initially limited to permanent employees they were later extended to probationary employees. The existing statutory scheme serves the same purpose. The enactment of section 44929.21 permitting nonreelection of probationary employees without cause in no way undermines the protections afforded terminated probationary employees by other provisions of the Education Code. District's proposed interpretation of the sections would effectively erase these protections from the books.

Applying the general rules of statutory construction, to the extent there is any ambiguity in the language of the statute here in question, we must endeavor to ascertain and effectuate the purpose of the law, attempting to give effect to the usual and ordinary import of the statutory language; harmonizing any provisions within the context of the statutory framework as a whole; seeking a reasonable and commonsense interpretation consistent with the apparent and legislative purpose and intent, practical rather than technical in character and upon application resultant of wise policy rather than absurdity; and, considering generally the context, the object in view, the evils to be remedied, the history of the times, legislation upon the same subject, public policy and contemporaneous construction. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379 [241 Cal.Rptr. 67, 743 P.2d 1323].) All of these rules move us to reject District's position. Accordingly, the judgment must be reversed.

### DISPOSITION

The judgment (order) is reversed. Plaintiff shall recover her costs on appeal.

Blease, Acting P. J., and Davis, J., concurred.

Respondents' petition for review by the Supreme Court was denied August 11, 1994.