[No. A093010. First Dist., Div. Five. Sept. 24, 2001.]

CALIFORNIA TEACHERS ASSOCIATION et al., Plaintiffs and Respondents, v.
MENDOCINO UNIFIED SCHOOL DISTRICT, Defendant and Appellant.

[No. A093011. First Dist., Div. Five. Sept. 24, 2001.]

CALIFORNIA TEACHERS ASSOCIATION et al., Plaintiffs and Appellants, v.
MENDOCINO UNIFIED SCHOOL DISTRICT, Defendant and Respondent.

**COUNSEL**

Phoebe Graubard for Plaintiffs and Appellants and for Plaintiffs and Respondents.

School and College Legal Services, Robert J. Henry and Patrick D. Sisneros for Defendant and Appellant and for Defendant and Respondent.

**OPINION**

**JONES, P. J.**—In this case, we will hold a school district which lays off a probationary teacher for economic reasons pursuant to Education Code section 44955[1] may thereafter validly decide not to reelect the teacher under section 44929.21.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellant Amy Johnston possesses a single-subject teaching certificate in the field of mathematics. In August 1999, the Mendocino Unified School District (hereafter the school district) hired Johnston as a probationary teacher at Mendocino Middle School.

On March 9, 2000, the school district passed a resolution pursuant to section 44955 in which it decided to lay off the equivalent of 1.9 teachers the following school year for economic reasons due to declining enrollment. The following day, Mark Iacuaniello, the superintendent of the school district, sent a letter to Johnston stating he would recommend that she not be rehired pursuant to the resolution.

On May 2, 2000, the school district passed a resolution stating that Johnston and other teachers would not, in fact, be rehired the following

---

[1] Unless otherwise indicated, all further section references will be to the Education Code.

school year pursuant to section 44955. A copy of the resolution was served on Johnston.

A probationary teacher who is laid off pursuant to section 44955 has certain statutory rights, including the right to preferential rehiring for a period of 24 months. (See § 44957.) On May 22, 2000, the personnel director of the school district distributed an informational flyer, which said that a part-time (40 percent) position was available for a math teacher at the high school the following school year. Johnston learned about this vacancy and she notified the personnel director and Iacuaniello that she was interested in the position. Neither responded.

On June 8, 2000, Iacuaniello met with Johnston and told her he would recommend that she be "let go" pursuant to section 44929.21. That section grants school districts broad discretion not to reelect probationary teachers. Iacuaniello told Johnston he believed she was "simply not a good match for the District."

On June 22, 2000, the school district decided not to reelect Johnston for the following school year pursuant to section 44929.21.

On July 14, 2000, Johnston and the California Teachers Association (hereafter collectively Johnston), filed a petition for writ of mandate and complaint for declaratory relief. As is pertinent here, Johnston sought a writ of mandate to compel the school district to grant her preferential rehiring rights for a period of 24 months. Johnston also sought a declaration that the school district's June 22, 2000 decision not to reelect her was illegal.

The school district opposed the requests, arguing it had the absolute right not to reelect Johnston under section 44929.21. The school district maintained that right was not affected by its prior decision to lay off Johnston for economic reasons under section 44955.

On July 20, 2000, while the action was pending, the school district hired a different teacher to fill the part-time position at the high school for the following year.

The trial court conducted a hearing on the complaint and petition. After considering the matter, the court issued a writ compelling the school district to grant Johnston preferential rehiring rights for a period of 24 months. In addition, the court declared that the school district's June 22, 2000 decision not to reelect Johnston was illegal. The court, however, rejected Johnston's request to rule that the school district had acted illegally when it hired a

different teacher for the position at the high school, and her request that the district be ordered to offer her that position. In addition, the court declined to award Johnston attorney fees. The school district appealed the trial court's ruling, and Johnston filed a cross-appeal.

## II. DISCUSSION

### A. *School District's Appeal*

■ The school district contends the trial court erred when it granted Johnston's petition for a writ of mandate and complaint for declaratory relief. It claims it possessed the right under section 44929.21 not to reelect Johnston—a right that was unaffected by its prior decision to lay off Johnston for economic considerations pursuant to section 44955. We agree.

The statutory protections afforded to probationary teachers have followed a "circular path." (*Cousins v. Weaverville Elementary School Dist.* (1994) 24 Cal.App.4th 1846, 1850 [30 Cal.Rptr.2d 310] (*Cousins*).) Early statutory provisions relating to the hiring, dismissal, and reelection of teachers subjected all teachers to annual hiring and firing decisions made in the absolute discretion of the school districts. (*Board of Education v. Round Valley Teachers Assn.* (1996) 13 Cal.4th 269, 277 [52 Cal.Rptr.2d 115, 914 P.2d 193] (*Round Valley*).) "Thereafter, the Legislature imposed a two-tiered system. It distinguished between permanent employees, who enjoyed tenure and could only be dismissed for cause, and probationary employees, who could only be dismissed for cause during the school year but remained subject to a district's decision not to reelect them at the end of each school year with or without cause. [Citation.] That right was expanded in 1935 to require, in larger districts, that any decision not to reelect be for cause." (*Ibid.*) The statutory rights of probationary teachers came full circle in 1983 with the adoption of the Hughes-Hart Educational Reform Act. (See 13 Cal.4th at p. 278.) That act eliminated the requirement that nonreelection of probationary teachers must be based on cause. (*Id.* at pp. 278-279; see also *Grimsley v. Board of Trustees* (1987) 189 Cal.App.3d 1440, 1443-1444 [235 Cal.Rptr. 85].)

A probationary teacher's right to continued employment is currently governed by section 44929.21, subdivision (b).[2] That section states a probationary teacher becomes permanent if he or she is "reelected" for a teaching

---

[2]Section 44929.21, subdivision (b) states in part, "Every employee of a school district . . . who, after having been employed by the district for two complete consecutive school years in a position . . . requiring certification qualifications, is reelected for the next succeeding

position for a third consecutive school year. Prior to that point "[p]robationary teachers may be nonreelected without any showing of cause, without any statement of reasons, and without any right of appeal or administrative redress. . . ." (*Bellflower Education Assn. v. Bellflower Unified School Dist.* (1991) 228 Cal.App.3d 805, 808 [279 Cal.Rptr. 179], citations omitted.)

A parallel statutory scheme grants probationary teachers certain rights if they are laid off for economic reasons. Section 44955 states that school districts have the authority to lay off permanent and probationary employees for economic reasons caused by declining enrollment.[3] In order to invoke that statutory authority, a school district must notify an affected employee no later than March 15 that his or her services will not be required for the ensuing year. (§ 44949, subd. (a).) An affected employee may then "request a hearing to determine if there is cause for not reemploying him or her for the ensuing year." (§ 44949, subd. (b).) A probationary employee whose services have been terminated pursuant to section 44955 gains statutory reemployment rights. Specifically, "For the period of 24 months from the date of . . . termination, any employee . . . shall have the preferred right to reappointment, subject to the prior rights to reappointment by all permanent employees . . . ." (§ 44957. subd. (a).) If a school district "terminates a probationary employee because of a decline in pupil attendance . . . the school district must comply with procedures governing layoffs, including notice, hearing, and rights to reappointment if the work force is reinstated. . . ." (*Round Valley, supra,* 13 Cal.4th at p. 279, citations omitted.)

Here, we are faced with a conflict between these two statutory schemes. On the one hand, the school district laid off Johnston for economic reasons, and thus Johnston gained statutory reemployment rights. On the other hand, Johnston was a probationary teacher. Accordingly, the school district could decide not to reelect her "without any showing of cause, without any statement of reasons, and without any right of appeal or administrative redress." (*Bellflower Education Assn. v. Bellflower Unified School Dist., supra,* 228 Cal.App.3d at p. 808.) Which of these schemes controls?

Sections 44929.21, 44949, 44955, and 44957 are in pari materia; so we must construe the statutes together, harmonizing them with the entire statutory scheme of which they are a part. (*Conway v. City of Imperial Beach*

school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district."

[3]Section 44955, subdivision (b) states, in part, "Whenever in any school year the average daily attendance in all of the schools of a district for the first six months in which school is in session shall have declined below the corresponding period of either of the previous two school years . . . the governing board may terminate the services of not more than a corresponding percentage of the certificated employees of the district, permanent as well as probationary, at the close of the school year."

(1997) 52 Cal.App.4th 78, 84-85 [60 Cal.Rptr.2d 402]; *Cousins, supra,* 24 Cal.App.4th at pp. 1853-1854.) Reviewing the entire statutory scheme, we conclude the school district did not act improperly.

Sections 44949, 44955 and 44957 together recognize that economic considerations may sometimes force school districts to lay off otherwise good and effective teachers. Under those statutes, if the economic factors that motivated the layoffs abate, the affected teachers can have their jobs back. Section 44929.21, by contrast, has a different purpose: to ensure that the children of this state are instructed by qualified teachers. As our Supreme Court has explained, "[o]ur school system is established not to provide jobs for teachers but rather to educate the young. Establishing a test period for teachers to prove themselves is essential to a good education system." (*Turner v, Board of Trustees* (1976) 16 Cal.3d 818, 825 [129 Cal.Rptr. 443, 548 P.2d 1115]; see also *Round Valley, supra,* 13 Cal.4th at p. 278.) To carry out this important function, school districts have been given "the *absolute* right to decide not to reelect probationary teachers without providing cause or other procedural protections . . . ." (*Round Valley, supra,* 13 Cal.4th at p. 281, italics added.) A "school board can base its final determination about reelection or nonreelection of probationary teachers on any lawful reason regardless of the sufficiency of the cause. . . ." (*Fischer v. Los Angeles Unified School Dist.* (1999) 70 Cal.App.4th 87, 94 [82 Cal.Rptr.2d 452], citation omitted.) Johnson urges us to impose a new qualification on a district's exercise of its discretion under section 44929.21. We are unwilling to do so. When the policies reflected by these competing statutory schemes conflict, the critical task of educating the children of this state must, in our view, prevail. Harmonizing section 44929.21 with section 44949, 44955, or 44957, we hold that a school district that has told a probationary teacher he or she will be laid off for economic reasons under section 44955, may thereafter validly determine not to reelect the teacher under section 44929.21.

Here, when the school district decided on May 2, 2000, to lay off Johnston for economic reasons under section 44955, Johnston became eligible, under section 44957, for statutory reemployment rights. However thereafter, the school district decided, on June 22, 2000, not to reelect Johnston because she was "not a good match for the district." Since Johnston had not been employed by the school district for two complete consecutive school years, the district could validly decide not to reelect her. We conclude the trial court erred when it reached the contrary conclusion.

Our holding is consistent with prior cases that have restricted, significantly, the rights of probationary teachers. For example, in *Round Valley,*

*supra,* 13 Cal.4th at page 272, our Supreme Court ruled that the termination procedures for probationary teachers set forth in section 44929.21, subdivision (b), preempt contrary procedural protections that are contained in a collective bargaining agreement. In *Fischer v. Los Angeles Unified School Dist., supra,* 70 Cal.App.4th at page 91, the court concluded that a probationary teacher could be nonreelected in a closed session of the school board and that this nonreelection does not trigger the notice requirements of section 44957. In *Turner v. Board of Trustees, supra,* 16 Cal.3d at page 824, the Supreme Court ruled that probationary teachers do not have a vested right to be rehired the following school year. The conclusion we reach in this case simply recognizes another instance where the rights of probationary teachers must give way to the authority of school districts to make discretionary reelection decisions to ensure that the children of this state are educated by qualified and effective teachers.

The cases Johnston cites do not convince us that a contrary conclusion is warranted. Johnston relies most heavily on *Cousins,* 24 Cal.App.4th 1846. There, the school district decided to terminate Cousins, a probationary employee, for economic reasons. However instead of relying on section 44955, the school district, in an effort to save time and money, decided to terminate Cousins under section 44929.21. Cousins filed a petition for writ of mandate contending the school district erred when it terminated her under section 44929.21 rather than 44955 because the result was that she was deprived of statutory rights to which she would have been entitled under section 44949. The trial court disagreed and dismissed the petition. Cousins appealed and the appellate court reversed explaining that under the circumstances presented, "section 44929.21 is qualified by sections 44955 and 44949. A school district may elect not to retain a probationary employee and need not assert a reason for termination but where, as here, it is *undisputed* that termination was prompted by the conditions described in section 44955 . . . then a school district is obliged to provide [the procedural protections] prescribed by section 44949." (24 Cal.App.4th at p. 1854, italics added.)

*Cousins* is distinguishable because here, Johnston does not dispute that the school district's June 22, 2000 decision was not based on economic considerations. Rather, the district decided not to reelect Johnston because she was "not a good match for the district." *Cousins* is inapposite.

Johnston also relies on *Gassman v. Governing Board* (1976) 18 Cal.3d 137 [133 Cal.Rptr. 1, 554 P.2d 321] (*Gassman*). In *Gassman*, a school district notified probationary teachers they would not be reemployed for the following year based on economic considerations, not performance. (*Id.* at pp.

140-141.) Nevertheless the district elected to proceed under former section 13443, termination for cause, rather than former section 13447, which governed terminations for economic reasons. The Supreme Court ruled this was improper because a "school district which wishes to lay off a probationary teacher because of financial difficulties must terminate such an employee pursuant to section 13447 and may not terminate such employee 'for cause' under section 13443 . . . ." (18 Cal.3d at p. 143, italics omitted.)

Again, *Gassman* is distinguishable because the record shows the school district's June 22, 2000 decision not to reelect Johnston was based on an entirely valid reason. She was "not a good match for the district." The record does not suggest the decision was motivated by economic considerations.

We conclude the trial court erred when it ruled Johnston was entitled to preferential rehiring rights, and when it ruled the school district's June 22, 2000 decision not to reelect her was illegal.[4]

### B. Cross-appeal

#### 1. Right to the Teaching Position at the High School

Johnston contends the trial court erred when it declined to order the school district to hire her for the 40 percent teaching position at the high school that was advertised as available beginning in the fall of 2000. Since we conclude the school district acted properly when it decided not to reelect Johnston, the district was not obligated to offer her a new position.

#### 2. Attorney Fees

Johnston contends the trial court erred when it declined to award her attorney fees under the private attorney general statute, Code of Civil Procedure section 1021.5. However that statute, by its terms, only authorizes an award of fees to a "successful party." (Code Civ. Proc., § 1021.5.) As we have explained, Johnston is not a "successful party" in this case.

Furthermore, Johnston never asked the trial court to award her attorney fees under Code of Civil Procedure section 1021.5. She cannot raise the argument for the first time on appeal. (*Richmond v. Dart Industries, Inc.* (1987) 196 Cal.App.3d 869, 874 [242 Cal.Rptr. 184].)

---

[4]Johnston raises one additional argument. She contends the trial court's ruling should be affirmed because the decision not to reelect her was made in such a way that it violated an agreement with the Mendocino County Teacher's Association. We decline to address this argument because Johnston has failed to provide any authority to support it. (Cf. *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979 [21 Cal.Rptr.2d 834].)

### III.  DISPOSITION

The judgment is reversed. The trial court is ordered to prepare a new judgment denying the petition for a writ of mandate and the complaint for declaratory relief. Costs are awarded to the Mendocino Unified School District.

Stevens, J., and Simons, J., concurred.

On September 25, 2001, the opinion was modified to read as printed above.