[No. B165201. Second Dist., Div. Eight. Mar. 12, 2004.]

MARSHA FINE, Plaintiff and Appellant, v.
LOS ANGELES UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

COUNSEL

Law Office of Lawrence B. Trygstad and Richard J. Schwab for Plaintiff and Appellant.

Paul, Hastings, Janofsky & Walker, Elena R. Baca and Holly R. Lake for Defendants and Respondents.

OPINION

**BOLAND, J.—**

## SUMMARY

This case presents the question whether an elementary teacher for the Los Angeles Unified School District was entitled to classification as a permanent employee, or whether she was a probationary employee whom the District could, in its discretion, choose not to reemploy for the ensuing school year.

The answer to the question turns on whether the teacher's status as a probationary employee began on the validity date of her preliminary teaching credential, or on the date stated in her contract with the District, which was executed shortly after she actually received the credential and presented it to the District. We conclude that the Education Code does not require the District to classify the teacher as probationary retroactive to the validity date of her teaching credential. Accordingly, the teacher's probationary status began on the date stated in her contract; she was not entitled to classification as a permanent employee; and the District timely notified her of its decision not to reemploy her.

## FACTUAL, LEGAL AND PROCEDURAL BACKGROUND

Marsha Fine began working as a teacher at the Broadous Avenue Elementary School in 1996. At that time, she served under an emergency permit. The permit is a provisional credential under which persons with a baccalaureate degree who have passed the state's basic skills proficiency test may be hired to teach. (See Ed. Code, § 44300.)[1] Fine was offered and accepted several successive contracts with the Los Angeles Unified School District as a provisional teacher under emergency permits.

On June 26, 1999, Fine signed her fourth successive contract with the District, for employment as a provisional teacher for the 1999–2000 school year. The contract showed an emergency permit effective July 1, 1999. The contract, like her previous contracts, specified a starting date and an ending date, stated it could be terminated at any time without cause at the discretion of the District, and stated Fine's understanding that service under an emergency permit did not count toward permanent status (tenure) with the District.

On September 28, 1999, the College of Education at the California State University (CSU) at Northridge sent Fine a letter entitled "Credential Recommendation." The letter verified that Fine had "completed all requirements necessary for the recommendation for the following credential or certificate: Multiple Subject (Exam)—Preliminary." The letter stated the credential "will be issued effective: August 27, 1999," and provided a telephone number for further information "regarding the recommendation or issuance of the credential." Fine showed the University's recommendation letter to the school secretary, but did not take it or send it "to anyone downtown."

In late February 2000, Fine received her credential, duly issued by the State of California's Commission on Teacher Credentialing. (See §§ 44202,

---

[1] All further statutory citations are to the California Education Code.

44225.) The credential stated it was valid August 27, 1999, to September 1, 2004. Fine sent a copy of the credential to the personnel division of the District in downtown Los Angeles. On March 1, 2000, Fine received a note from the District's credentials assistant stating that the original credential was required for registration purposes.[2] A few days later, Fine brought the original credential to the District.[3]

On March 8, 2000, upon receiving Fine's credential, the District offered and Fine accepted a new contract. The contract was for employment as a probationary teacher. On the same date, Fine signed a "Verification of Seniority Date for Teachers," verifying that her first day of paid service as a probationary teacher was March 8, 2000.

Unlike a contract for a provisional teacher, a contract for a probationary teacher automatically continues in effect for each succeeding school year thereafter, until terminated by resignation or by action of the Board of Education. Fine continued to teach under the March 8, 2000 contract for the remainder of the 1999–2000 school year, during the full 2000–2001 school year, and during the 2001–2002 school year.

On March 14, 2002, the District notified Fine that she would not be reemployed during the next succeeding school year. The District's letter stated that its decision was made under Education Code section 44929.21. Section 44929.21 has several pertinent provisions:

—An employee who, after employment for two complete consecutive school years in a position requiring certification qualifications, such as Fine's, is "reelected" for the next succeeding school year to a position requiring certification qualifications, "shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district." (§ 44929.21, subd. (b).)

—The governing board must notify the employee, "on or before March 15 of the employee's second complete consecutive school year of employment by the district," of its decision to reelect or not to reelect the employee for the succeeding school year. If notice is not given by March 15, the employee is deemed reelected, and becomes a permanent employee. (§ 44929.21, subd. (b).)

---

[2] The credential contains a notation at the bottom stating, "You must register this credential with the County Superintendent of Schools in the county in which you are employed or risk having your pay delayed."

[3] Fine's credential was a "Preliminary Multiple Subject Teaching Credential." She later received a "Professional Clear Multiple Subject Teaching Credential," valid July 20, 2000, to August 1, 2005. The difference between these two kinds of credentials is not pertinent to the issues in this case.

—Section 44929.21 applies "only to probationary employees." Another provision of the Education Code, section 44911, specifies that service by a person under a provisional credential—such as Fine's emergency permit—is not counted in computing the service required as a prerequisite for classification as a permanent employee. (§ 44911.)

When Fine received the District's notice of its decision not to reelect her to her position for the next school year, she consulted counsel, and on May 31, 2002, demanded retraction of the notice as untimely. Her position was that:

—The teaching credential she received in late February 2000 and registered with the District in March 2000 was valid from August 27, 1999. Therefore, as of August 27, 1999, and for the complete school year 1999–2000, "her proper status by law should have been probationary not provisional." Her status was "corrected" in March 2000, when the District classified her as a probationary teacher.

—The following school year, 2000–2001, which she served as a probationary teacher, was therefore her second complete consecutive school year as a probationary employee.

—She received no notice by March 15, 2001, of a decision not to reelect her for the 2001–2002 school year. Therefore, under section 44929.21, at the beginning of the 2001–2002 school year she was a permanent employee of the District, and could not be terminated except under provisions applicable to permanent employees. In short, the District's notice of non-reelection on March 14, 2002, was one year too late.

The District refused to retract its notice.

On July 18, 2002, Fine filed a petition for writ of mandate. The trial court denied the writ, concluding the District had no mandatory duty to classify Fine as a probationary employee earlier than March 8, 2000. The court observed:

"When a provisional teacher presents a Preliminary or Clear credential to the District, which [Fine] did in February 2000, the employee may be offered a probationary contract. The District has discretion over whether to offer the contract or not. Petitioner cites nothing requiring the District to offer a probationary contract upon being informed that a teacher is being recommended for a credential.

"Here, the District employed [Fine] as a probationary teacher effective 3/8/00, when she presented the credential. Her probationary period did not

start until her provisional period ended upon signing her probationary contract and Verification on 3/8/00. Just because she was recommended for a credential effective a retroactive date does not mean that [Fine] was working under the credential after that date."[4]

Judgment denying the petition for writ of mandate was entered on January 28, 2003, and this appeal followed.

## DISCUSSION

This case turns on the question whether the District was legally required to classify Fine as a probationary employee as of the validity date stated in her teaching credential, August 27, 1999. If so, she acquired permanent status, known as tenure, when the District continued her employment for the 2001–2002 school year, because she had been employed by the District as a probationary employee for two complete consecutive school years. (§ 44929.21.) If not, the District was free to decide, as it did, not to employ her for the 2002–2003 school year.

We conclude Fine had no statutory right to probationary status as of August 27, 1999, and, ipso facto, no right to permanent status based on that date (part A, *post*). We also reject Fine's alternate theory that she was a temporary employee during the 1999–2000 school year, and as a consequence was deemed a probationary employee for that year by operation of Education Code section 44917 (part B, *post*).

> A. *Fine's contention that she was serving "under" her preliminary credential as of its validity date, and therefore was entitled to probationary status as of that date, is without merit.*

The Education Code contains no express guidance on the question we are required to decide: whether the District, when it offered Fine a probationary contract on March 8, 2000, was required to classify her as probationary retroactively, to the validity date of her teaching credential. At its core, the question involves the construction of section 44911, which provides:

---

[4] The court further stated: "The hiring of [Fine] on 3/8/00 as probationary teacher did not automatically transform her prior service under the provisional contract into probation[ary] service. [¶] [Fine's] service until 3/8/00 was under the emergency permit and her status changed only after she signed the contract as probationary employee after actual receipt and submission of the Preliminary credential to the school district."

"Service by a person under a provisional credential shall not be included in computing the service required as a prerequisite to attainment of, or eligibility to, classification as a permanent employee of a school district."[5]

Under section 44911, if Fine was serving "under" her emergency permit until she received and presented her teaching credential to the District in March 2000, her service before March 2000 does not count toward tenure. On the other hand, if as of August 27, 1999, Fine was serving "under" her subsequently issued credential, rather than under her emergency permit, she would be entitled to probationary classification for tenure purposes as of that date.[6] Thus, the issue is placed in sharp relief: was Fine's service between August 27, 1999, and March 8, 2000, service "under a provisional credential," as the District contends, or was it service under the teaching credential that was issued in February 2000 with a retroactive validity date? [7]

Neither party's briefing squarely addresses this issue. Fine merely contends "[i]t is clear" she was no longer serving under an emergency permit as of

---

[5] Service under a provisional credential includes service under an emergency permit such as Fine's. Such service does not count toward eligibility for classification as a permanent employee. (*Summerfield v. Windsor Unified School Dist.* (2002) 95 Cal.App.4th 1026, 1035 [116 Cal.Rptr.2d 233].)

[6] An explanation of several points relevant to teacher classification may be helpful. There are only four possible classifications: permanent, probationary, substitute and temporary. (*Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 916 [129 Cal.Rptr.2d 811, 62 P.3d 54].) The Education Code does not refer to or classify teachers as "provisional." It refers only to service by a person "under a provisional credential." (§ 44911.) In fact, the code requires school districts to classify as probationary employees "those persons employed in positions requiring certification qualifications for the school year, who have not been classified as permanent employees or as substitute employees." (§ 44915.) (The classification of temporary employees is addressed in other code sections.) Thus, while Fine served under her emergency permit, she was apparently entitled to classification as a probationary employee, for purposes other than attaining tenure. One court, construing section 44915, has so held. (*California Teachers Assn. v. Governing Bd. of Golden Valley Unified School Dist.* (2002) 98 Cal.App.4th 369, 372, 380, 383 [119 Cal.Rptr.2d 642] (*Golden Valley*) [teacher serving under an emergency permit was entitled to the benefits of probationary classification (specifically, the statutory protections governing dismissal of probationary employees) except for the benefit of counting that service toward attaining permanent status].) After an extensive examination of legislative history, *Golden Valley* concluded its construction "harmonizes section 44915 with sections 44911 and 44929.21 rather than rendering section 44911 superfluous." (*Id.* at p. 383; but see *Summerfield v. Windsor Unified School Dist., supra,* 95 Cal.App.4th at p. 1035, fn. 6 [dicta stating the school district had mistakenly classified plaintiff teacher as a probationary employee while she continued to work under an emergency permit].)

[7] Fine correctly points out that contract terms cannot supersede statutory requirements. Certificated employees (teachers) "must be classified in accordance with the provisions of the Education Code. Any agreement to waive the benefits of these provisions is void." (*Zalac v. Governing Bd. of Ferndale Unified School Dist.* (2002) 98 Cal.App.4th 838, 849 [120 Cal.Rptr.2d 615]; see § 44924.) Thus if Fine had a right to be classified as a probationary employee as of August 27, 1999, for purposes of attaining tenure, her employment agreement showing a different seniority date would not control.

August 27, 1999, the validity date of the teaching credential she received in late February 2000. The District contends it had no obligation to recognize Fine's teaching credential until it knew she had the credential. Consequently, Fine was working under her emergency permit until that time.[8]

■ We conclude that a teacher serving under an emergency permit continues to serve under that permit, and under the contract to which she agreed, until the teacher is issued a credential and registers it with the District. Otherwise stated, the District has no duty to classify a teacher as probationary retroactive to the validity date of her credential. No statutory provision suggests a contrary conclusion, and precedent confirms that contract terms to which a teacher has agreed should not be abrogated unless the statutory mandate is clear. Moreover, our conclusion comports with related statutory provisions, as well as considerations of practicality and common sense. And, in Fine's case, it comports with equitable considerations as well.

■ First, the Education Code does not explicitly or by implication tie the effective date of a teaching credential to a teacher's classification. To the extent the statute suggests anything, the implication is to the contrary.

■ Section 44915 governs the classification of probationary employees, and the subsequent section governs the time of classification: "The classification shall be made at the time of employment and thereafter in the month of July of each school year." (§ 44916.) Section 44916 does not require classification at any time other than "at the time of employment" and in July of each subsequent school year, and section 44916 does not authorize retroactive classification. In Fine's case, the District offered her a contract in the summer of 1999 as a provisional teacher under an emergency permit, the only "credential" then existing. When she received her preliminary teaching credential and presented it to the District in March 2000, the District, in accord with its regular practice, immediately offered

---

[8] The District's principal argument is that it had "complete discretion" to employ Fine as a provisional teacher and, subsequently, as a probationary teacher, and "no mandatory duty" to employ her as a probationary teacher. This argument, however, begs the question. Certainly, the District had discretion whether to employ Fine as a provisional teacher in 1999–2000, and it could have decided not to hire her at all for the 2000–2001 school year. However, classification of a teacher once hired is by no means a matter of the District's "complete discretion." As the Supreme Court has observed, the Education Code authorizes the governing boards of school districts to hire, classify, promote and dismiss teachers, "but establishes a complex and somewhat rigid scheme to govern a board's exercise of its decisionmaking power." (*Kavanaugh v. West Sonoma County Union High School Dist., supra,* 29 Cal.4th at p. 917.) The pertinent question is whether the District had any mandatory duty to backdate Fine's probationary classification for tenure purposes to the effective date of her teaching credential.

Fine employment as a probationary teacher. The District classified Fine as probationary "at the time of employment" on March 8, 2000, which was the earliest time it could possibly have done so.

█ Another relevant provision appears in the Education Code's chapter on teacher credentialing. Section 44330 governs the "[e]ffect of registration" of a teaching credential, and strongly suggests the registration of a credential operates to authorize the teacher's service under that credential, rather than the validity date of the credential. Section 44330 authorizes a county board of education to provide for the registration of any certification or other document authorizing its holder to serve in a position requiring certification qualifications, such as Fine's. It also states: "Such registration shall authorize the service of the holder as an employee . . . in the capacity in which and for the period of time for which the certification or other document is valid." Therefore, registration is, by statute, the sine qua non for a teacher's service under a credential. Without registration of the credential, service is not authorized. Fine contends that registration authorizes her service retroactively, since section 44330 states authorization is "for the period of time for which the certification . . . is valid." (§ 44330.) We decline to read the statute in that manner. The ordinary meaning of the sentence, when considered in its entirety, is that registration of a credential authorizes service from the date of the registration and for as long thereafter as the credential is valid.

In short, the statute does not compel classification retroactive to the validity date of a teaching credential. Section 44916 suggests otherwise, as does section 44330. Absent a clear statutory mandate, we are not at liberty to abrogate the clear terms of the contract between Fine and the District. (See *Santa Barbara Federation of Teachers v. Santa Barbara High Sch. Dist.* (1977) 76 Cal.App.3d 223, 227–228 [142 Cal.Rptr. 749] [persons who accepted contracts as temporary teachers were not estopped to claim probationary status "if the statutory scheme . . . compels the latter classification"; however, "[t]he statutory mandate must be clear . . . before the terms of the contracts may be abrogated"].)

Second, considerations of practicality and common sense support the conclusion that Fine was not serving "under" a credential that was not physically issued to or received by her until February 2000, or registered with the District until March 2000. The only documentation either party had until Fine received her credential was Fine's emergency permit and the provisional contract to which both parties agreed. [9] We can only conclude, as a matter of

---

[9] Fine testified she gave a copy of the September 28, 1999 credential recommendation letter she received from CSU at Northridge, recommending Fine for a credential which "will be issued effective: August 27, 1999," to the principal's secretary at her school. However, she did not send it to the District, and in any event it was a recommendation letter, not a credential. As

contract, that she was serving "under" those documents and subject to their terms until March 8, 2000, when Fine presented her credential to the District and both parties agreed to new terms. The statute does not compel a different conclusion, and we therefore cannot ignore the terms of the parties' contracts. (*Santa Barbara Federation of Teachers v. Santa Barbara High Sch. Dist., supra,* 76 Cal.App.3d at pp. 227–228.)

Third, no inequity to Fine flows from our construction of the statute. In addition to the contract to which Fine agreed, she executed a verification of her seniority date of March 8, 2000. The document stated Fine's understanding that it would be used to verify her first day of paid service as a probationary teacher.[10] It stated Fine's understanding that, if she thought an error had been made, she "must bring it to the immediate attention of [District personnel]." The trial court found that Fine read and understood the contract and did not find the date was in error. An annual evaluation of her performance, which Fine signed in May 2001, showed her classification as "B1," a first-year probationary teacher. Fine took no action challenging the March 8, 2000 date until the District chose not to reelect her for the 2002–2003 school year. In short, this is not a case of the District's manipulation of the classification system to Fine's detriment; if anything, the reverse is the case. (Cf. *American Federation of Teachers v. Board of Education* (1977) 77 Cal.App.3d 100, 109 [143 Cal.Rptr. 264] [teacher who knew when she entered into her employment contract that she was a temporary employee was guilty of laches and was estopped from claiming probationary status; teacher had duty to raise the issue of her employment status in a timely manner, rather than waiting until the Board could no longer comply with the probationary notice requirements].)

In sum, the statute imposed no duty on the District to backdate Fine's probationary status to the validity date of her teaching credential. We turn now to Fine's second theory.

---

the trial court observed, "Well, someone maybe later on finds out that there has been fraud or something involved, and the fact that there was a recommendation doesn't mean that it ever gets issued."

[10] Section 44845 provides that "[e]very probationary or permanent employee employed after June 30, 1947, shall be deemed to have been employed on the date upon which he first rendered paid service in a probationary position."

B. *Fine's alternative contention, that she became a probationary employee by virtue of statutory provisions governing temporary employees, is without merit.*

Fine contends that sections 44917, 44918, 44919 and 44920 mandate a nunc pro tunc change in her status for the entire 1999–2000 school year. We disagree. Those sections expressly apply to temporary employees, not to employees serving under provisional credentials. The statutory provisions define the "temporary employee" classification, and Fine does not come within those provisions. We explain them in turn.

### 1. *Sections 44917 and 44918*

Section 44917 states that a person employed for one complete school year as a temporary employee, if reemployed for the following school year, must be classified as a probationary employee, and the previous year's employment is deemed employment as a probationary employee.[11] Section 44918 has the same effect.[12] Thus, if Fine had been, or should have been, classified as a temporary employee during the 1999–2000 school year, she would be entitled to probationary status for that year as a matter of law, because she was admittedly employed as a probationary employee for the following school year. Fine argues she "had to be" a temporary employee that year. That is not so, as is apparent from the definitions contained in section 44919, to which we now turn.

### 2. *Sections 44919 and 44920*

The temporary employment classification is "defined in section 44919, and used elsewhere in the Education Code (e.g., §§ 44917, 44918) . . . ." (*Zalac v. Governing Bd. of Ferndale Unified School Dist., supra,* 98 Cal.App.4th at p. 843.) Section 44919, subdivision (a), in pertinent part, requires the District to classify as temporary employees: "those persons requiring certification

---

[11] Section 44917 states in part: "Any person employed for one complete school year as a temporary employee shall, if reemployed for the following school year in a position requiring certification qualifications, be classified by the governing board as a probationary employee and the previous year's employment as a temporary employee shall be deemed one year's employment as a probationary employee for purposes of acquiring permanent status."

[12] Section 44918 provides that: "Any employee classified as a substitute or temporary employee, who serves during one school year for at least 75 percent of the number of days the regular schools of the district were maintained in that school year and has performed the duties normally required of a certificated employee of the school district, shall be deemed to have served a complete school year as a probationary employee if employed as a probationary employee for the following school year." (§ 44918, subd. (a).)

qualifications, other than substitute employees, who are employed to serve from day to day during the first three school months of any school term to teach temporary classes not to exist after the first three school months of any school term . . . ." If the classes or duties continue beyond those periods, the employee, "unless a permanent employee, shall be classified as a probationary employee." (§ 44919, subd. (a).) Certain other types of appointments, clearly not relevant to Fine's case, also require the temporary employee classification. (§ 44919, subds. (b) and (c).) In addition, section 44920 permits the employment of certain temporary employees, "[n]otwithstanding the provisions of Sections 44917 and 44919." Section 44920 allows employment for a complete school year, and classification as a temporary employee, of a teacher "based upon the need for additional certificated employees during a particular semester or year because a certificated employee has been granted leave for a semester or year, or is experiencing long-term illness . . . ." The employment of such persons "shall be limited . . . to that need . . . ." (§ 44920.)

■ No evidence was presented suggesting that Fine was ever employed to teach temporary classes or because another teacher was on leave or experiencing long-term illness. The claim she "had to be" a temporary employee during the 1999–2000 school year, and consequently entitled to the benefit of section 44917 or section 44918, is therefore without merit. None of sections 44917, 44918, 44919 or 44920 mandates a nunc pro tunc change of her employment status to probationary for the 1999–2000 school year.

In sum, Fine served the District under her July 1, 1999 contract and under the emergency permit to which it refers until she received and registered her preliminary credential with the District. Under section 44911, that service "shall not be included in computing the service required" for tenure. Further, Fine was not entitled to classification as a temporary employee, and its attendant ramifications, during the 1999–2000 school year. Accordingly, the Education Code did not impose a mandatory duty on the District to classify Fine as a probationary employee for tenure purposes at any time prior to Fine's presentation of the credential to the District in March 2000. Her petition for a writ of mandate was therefore properly denied.

## DISPOSITION

The judgment is affirmed. The Los Angeles Unified School District is to recover its costs on appeal.

Cooper, P. J., and Rubin, J., concurred.

A petition for a rehearing was denied April 12, 2004.