[No. A110721. First Dist., Div. Three. Mar. 29, 2007.]

CALIFORNIA TEACHERS ASSOCIATION et al., Plaintiffs and Appellants,
v.
VALLEJO CITY UNIFIED SCHOOL DISTRICT, Defendant and
Respondent.

136

138

140

COUNSEL

Beeson, Tayer & Bodine, David N. Weintraub and Sarah Sandford-Smith Batt for Plaintiffs and Appellants.

Driscoll & Associates and Thomas J. Driscoll, Jr., for Bakersfield Elementary Teachers Association as Amicus Curiae on behalf of Plaintiffs and Appellants.

Weinberg, Roger and Rosenfeld and Stewart Weinberg for California Federation of Teachers as Amicus Curiae on behalf of Plaintiffs and Appellants.

Miller Brown & Dannis, Gregory J. Dannis, Lawrence M. Schoenke, Amy R. Levine and Damara Moore for Defendant and Respondent.

Law Offices of Margaret A. Chidester & Associates, Margaret A. Chidester and Cathie L. Fields for California School Boards Association's Education Legal Alliance as Amicus Curiae on behalf of Defendant and Respondent.

OPINION

McGUINESS, P. J.—This appeal raises two interrelated questions: May teachers who serve under provisional credentials be classified as "probationary" for purposes of the Education Code?[1] And, if so, are such provisionally credentialed teachers entitled to the statutory layoff rights the Code provides to fully credentialed probationary teachers?

As part of a districtwide reduction in work force, on March 11, 2004, the Vallejo City Unified School District (District) sent a letter to 214 certificated employees—i.e., teachers (see § 44831; *Kavanaugh v. West Sonoma County Union High School Dist.* (2003) 29 Cal.4th 911, 917 [129 Cal.Rptr.2d 811, 62 P.3d 54] (*Kavanaugh*))—notifying them of impending layoffs and advising them of their right to request a hearing to determine if the District's decision to terminate their employment was supported by cause. After calculating exactly how many positions it needed to eliminate, the District sent a letter to many teachers rescinding the prior notice and stating their employment would not be terminated after all. At the same time, on April 12, 2004, the District sent a letter to 43 teachers that rescinded the prior layoff notice but nevertheless terminated their employment. The District explained these teachers had "erroneously [been] given the notice that applies to probationary and

---

[1] All statutory references are to the Education Code (Education Code, or the Code).

permanent employees who are to be dismissed pursuant to the layoff statutes . . . ." Instead of following such layoff procedures, the District had decided to release them from employment at the end of the school year and not reemploy them the following year. None of the 43 teachers who received this notice held a clear teaching credential. Rather, each of them was either a district intern (see § 44830.3), a "pre-intern," or the holder of an emergency teaching permit or a credentials waiver. The parties have stipulated that none of the 43 teachers was being released for a performance-related issue or any perceived deficiency. The sole reason for their release was "economic considerations."

Acting on behalf of the 43 teachers so released, on July 23, 2004, the California Teachers Association (CTA) filed a petition for writ of mandate and declaratory relief in the superior court. CTA asserted the teachers were probationary employees who were denied their statutory rights to notice and a pretermination hearing under sections 44949 and 44955, and as a result were entitled to reinstatement in their positions with backpay and benefits due. The parties reached a stipulation as to nearly all background facts[2] and agreed "[t]he primary issue for determination" was whether the 43 provisionally credentialed teachers were entitled to the hearing and preferential reappointment rights afforded to probationary teachers who are dismissed for economic reasons. (§§ 44949, 44955, 44957.) The trial court determined they were not. The court reasoned the statutory scheme establishing the rights of probationary employees in a layoff "presupposes" that a teacher "is on track to permanent status." Because the provisionally credentialed employees here were not, "and were not automatically entitled to employment in the ensuing year," the court reasoned the District could release them in the manner it did.

We disagree with the trial court's conclusion. Because the Legislature has sharply limited school districts' ability to hire temporary teachers, and there is no evidence the teachers in this case fell within the narrow categories of temporary employment defined in the Education Code, they fell within the default classification of "probationary." (§ 44915.) The Code gives probationary teachers a number of rights and protections, including certain protections in the event of a layoff (§§ 44949, 44955, 44957), and the statutes in question do not distinguish between probationary teachers based on the status of their credentials. Accordingly, because the dismissed teachers were denied their statutory rights as probationary employees of the District, we shall reverse the judgment and remand for further proceedings.

---

[2] The only fact that remained in dispute concerned the number of permanent teachers the District employed in categorically funded programs during the 2003–2004 school year. This fact was relevant to the District's argument—asserted below but not here—that most of the 43 provisionally credentialed teachers had been hired to fill these short-term vacancies. (See §§ 44909, 44918 [providing that teachers who fill such vacancies are classified as temporary employees].)

## DISCUSSION

CTA sought a writ of mandate. On appeal, we defer to the trial court's factual determinations if they are supported by substantial evidence and independently review the trial court's legal conclusions about the meaning and effect of statutory provisions. (*Kavanaugh, supra,* 29 Cal.4th at p. 916; *Welch v. Oakland Unified School Dist.* (2001) 91 Cal.App.4th 1421, 1427 [111 Cal.Rptr.2d 374].) Because the trial court here based its decision on purely legal grounds, and did not attempt to resolve any disputed issues of fact, our review is de novo. (*Kavanaugh, supra,* 29 Cal.4th at p. 916.)

### I. *Temporary Versus Probationary Classification*

■ " 'The Education Code establishes four possible classifications for certificated employees: permanent, probationary, substitute and temporary.' (*Taylor v. Board of Trustees* (1984) 36 Cal.3d 500, 504 [204 Cal.Rptr. 711, 683 P.2d 710].) The code authorizes the governing boards of school districts to hire, classify, promote and dismiss certificated employees (i.e., teachers) (see § 44831), but establishes a complex and somewhat rigid scheme to govern a board's exercise of its decisionmaking power." (*Kavanaugh, supra,* 29 Cal.4th at pp. 916–917.) In general, this complicated classification system is designed to provide a level of tenure, i.e., job security, commensurate with an employee's seniority. "A certificated teacher's classification . . . governs the level of statutory job protection the teacher enjoys and controls the level of procedural protections that apply if he or she is not reelected. In general, permanent employees may not be dismissed unless one or more statutorily enumerated grounds are shown. (§ 44932.) Probationary employees may not be dismissed during the school year except for cause or unsatisfactory performance (§ 44948.3), but, on timely notice, 'may be nonreelected without any showing of cause, without any statement of reasons, and without any right of appeal or administrative redress.' (*Bellflower Education Assn. v. Bellflower Unified School Dist.* (1991) 228 Cal.App.3d 805, 808 [279 Cal.Rptr. 179].)[3] 'Substitute and temporary employees, on the other hand, fill the short range needs of a school district and generally may be summarily

---

[3] "A school district may choose not to reelect a probationary employee 'without providing cause or other procedural protections to the terminated employees' (*Board of Education v. Round Valley Teachers Assn.* (1996) 13 Cal.4th 269, 281 [52 Cal.Rptr.2d 115, 914 P.2d 193]), but if nonreelection is for economic reasons (such as a decline in daily attendance or discontinuance of services), the teacher is entitled to certain procedural protections pursuant to section 44949. (See *Cousins v. Weaverville Elementary School Dist.* (1994) 24 Cal.App.4th 1846, 1854 [30 Cal.Rptr.2d 310] [(*Cousins*)].)" (*Kavanaugh, supra,* 29 Cal.4th at p. 917, fn. 4.)

released.' (*Taylor v. Board of Trustees, supra,* 36 Cal.3d at p. 505.) Thus, temporary teachers may be dismissed '[a]t the pleasure of the [governing] board prior to serving during one school year at least 75 percent of the number of days the regular schools of the district are maintained' (§ 44954, subd. (a)), and after that time so long as the temporary employee is notified before the end of the school year (*id.,* subd. (b))." (*Kavanaugh, supra,* 29 Cal.4th at pp. 917–918.)

■ Classification also determines an employee's rights in the context of a layoff. "When it becomes necessary, as the result of a reduction or discontinuation of services within a district, to reduce the number of permanent or probationary employees, the district must give notice to the affected employees, setting out reasons for the action and the employees' right to a hearing, no later than March 15. (§§ 44955, 44949; *Cousins*[, *supra,*] 24 Cal.App.4th [at p.] 1854 [distinguishing procedure to lay off probationary employees for economic reasons from procedure to nonreelect them for subsequent year]; *Gassman v. Governing Board* (1976) 18 Cal.3d 137, 144–145 [133 Cal.Rptr. 1, 554 P.2d 321] [distinguishing procedure to lay off probationary employees for economic reasons from procedure to dismiss them for unsatisfactory performance].) If the district fails to give the required notice by March 15, the employee 'shall be deemed reemployed for the ensuing school year.' (§ 44955, subd. (c).)" (*Bakersfield Elementary Teachers Assn. v. Bakersfield City School Dist.* (2006) 145 Cal.App.4th 1260, 1272 [52 Cal.Rptr.3d 486] (*Bakersfield*), fn. omitted.) An employee who receives such a notice may also request a hearing to determine if there is cause for the layoff. (§ 44949, subd. (b).) Layoffs proceed down the classification scheme, in accordance with seniority: "No permanent employee may be laid off if a probationary employee, or any other employee of less seniority, occupies a position the permanent employee is certificated and competent to fill. (§ 44955, subd. (c).) Likewise, a probationary employee may 'bump' another probationary employee with less seniority. Seniority is determined as of the date the employee 'first rendered paid service in a *probationary* position.' (§ 44845, italics added.) Temporary employees therefore do not accrue seniority, and so must be released before probationary employees." (*Bakersfield, supra,* 145 Cal.App.4th at p. 1273.)

■ Finally, the Code establishes preferential reappointment rights for permanent and probationary employees who have been released in a layoff. (§ 44957, subd. (a); *California Teachers Assn. v. Mendocino Unified School Dist.* (2001) 92 Cal.App.4th 522, 527 [111 Cal.Rptr.2d 879] (*Mendocino*).) "For the period of 24 months from the date of . . . termination, any employee . . . shall have the preferred right to reappointment, subject to the

prior rights to reappointment by all permanent employees . . . , in the order of original employment . . . ." (§ 44957, subd. (a).) Temporary employees—the first to be released in a layoff (*Bakersfield, supra,* 145 Cal.App.4th at p. 1273)—enjoy no such reappointment rights and are not entitled to the formal notice and hearing available to probationary and permanent employees. (*Ibid.* ["temporary employees, unlike permanent and probationary employees, . . . need be given only a more limited form of notice before the end of the school year, and no hearing"].) Given these differences, it is important to determine the proper classification of the 43 teachers whom the District summarily released.

■ Section 44915 states: "Governing boards of school districts shall classify as probationary employees, those persons employed in positions requiring certification qualifications for the school year, who have not been classified as permanent employees or as substitute employees." Although this statute does not mention temporary employees, other provisions of the Code authorize that classification in certain narrowly defined situations. (*Bakersfield, supra,* 145 Cal.App.4th at pp. 1279–1280; see, e.g., §§ 44917, 44919, 44920.) Section 44915 therefore establishes probationary status as the default classification for teachers whom the Education Code does not require to be classified otherwise. (*Bakersfield, supra,* 145 Cal.App.4th at p. 1280; *Motevalli v. Los Angeles Unified School Dist.* (2004) 122 Cal.App.4th 97, 109 [18 Cal.Rptr.3d 562] (*Motevalli*).)

■ "The [Education] Code recognizes two general kinds of temporary employees: those who are employed to serve for less than three or four months, or in some types of limited, emergency, or temporary assignments or classes (see §§ 44919, 44921, 44986); and those who are employed for up to one year to replace a certificated employee who is on leave or has a lengthy illness (see §§ 44920, 44918). . . . In addition, persons employed in categorically funded programs or in programs operated by a district under contract are treated *like* temporary employees in certain respects (§ 44909), as are persons employed as substitute teachers. (§ 44917.)" (*Bakersfield, supra,* 145 Cal.App.4th at p. 1281, fns. omitted.) In establishing these narrow categories, the Legislature has sought to limit the ability of school districts to classify teachers as temporary employees. (*Id.* at p. 1280; *Haase v. San Diego Community College Dist.* (1980) 113 Cal.App.3d 913, 918 [170 Cal.Rptr. 366] ["The Legislature . . . has restricted the flexibility of a school district in the continued use of temporary employees [citations], for otherwise the benefits resulting from employment security for teachers could be subordinated to the administrative needs of a district"].) "Because the substitute and temporary

classifications are not guaranteed procedural due process by statute, they are narrowly defined by the Legislature, and should be strictly interpreted." (*Balen v. Peralta Junior College Dist.* (1974) 11 Cal.3d 821, 826 [114 Cal.Rptr. 589, 523 P.2d 629].)

In this appeal, the District does not claim the 43 teachers fell into one of these statutorily defined categories of temporary employees, and the trial court made no factual findings to support such an argument. Instead, the District argues these teachers must be classified as temporary, or at least treated as temporary in the present context, due to the terms of their employment contracts and the provisional nature of their credentials.[4] Neither argument has merit.

■ The teachers in question were employed in the 2003–2004 school year pursuant to a contract of "provisional/emergency employment." This contract recited that the teacher would be serving under a "provisional/emergency credential" and, once hired, would be classified as a "provisional employee pursuant to . . . Education Code section 44911." "Provisional" is not an employment classification recognized in the Education Code. The contract's characterization of these teachers as "provisional" thus referenced only the status of their credentials, not their employment classification. (See *Motevalli, supra,* 122 Cal.App.4th at p. 109 [construing a similar contract provision].) Moreover, contract terms cannot supersede the statutory protections for teachers set forth in the Education Code, including provisions governing their classification and termination. (*Bakersfield, supra,* 145 Cal.App.4th at p. 1275; *Fine v. Los Angeles Unified School Dist.* (2004) 116 Cal.App.4th 1070, 1077, fn. 7 [10 Cal.Rptr.3d 876].) "Any agreement to waive the benefits of these provisions is void. [Citations.]" (*Zalac v. Governing Bd. of Ferndale Unified School Dist.* (2002) 98 Cal.App.4th 838, 849 [120 Cal.Rptr.2d 615]; see also *Hart Federation of Teachers v. William S. Hart Union High Sch. Dist.* (1977) 73 Cal.App.3d 211, 214 [141 Cal.Rptr.

---

[4] Nine of the 43 employees were district interns. Although the District's brief suggests these teachers should be considered temporary employees, and denied layoff rights, the Code specifically requires school districts to classify district interns as *probationary* employees. (§ 44885.5; *Welch v. Oakland Unified School Dist., supra,* 91 Cal.App.4th at p. 1431.) In *Welch,* Division Two of this court specifically rejected the argument that first-year district interns should be considered temporary because they must complete two more years (a second year as a district intern and one more probationary year) before they attain permanent status. (*Welch v. Oakland Unified School Dist., supra,* 91 Cal.App.4th at pp. 1431–1432.) Although section 44885.5 itself does not address district interns' rights in the event of a layoff, this does not necessarily mean they have none, as the District argues. Section 44885.5 requires school districts to classify district interns as probationary employees, and sections 44949, 44955 and 44957 describe the layoff rights of all probationary employees. The Code mentions no exception for district interns. Thus, while our discussion refers to the "43 teachers" as a group, statutory and decisional law clearly establish the probationary status of the nine district interns.

817] ["The statutory provisions in the Education Code, governing the rights of teachers, are an expression of public policy; they cannot be bargained away either expressly or impliedly"].)

The District also insists the teachers in this appeal cannot be classified as "probationary" because they held provisional credentials, and time spent teaching under a provisional credential does not count toward a teacher's attainment of permanent status. (§ 44911; *Summerfield v. Windsor Unified School Dist.* (2002) 95 Cal.App.4th 1026, 1028 [116 Cal.Rptr.2d 233] (*Summerfield*).) Since a provisionally credentialed teacher "accrues no credit towards his or her mandatory two-year probationary service," the District reasons such teachers are not on tenure track and thus are not truly "probationary." The same argument was made and convincingly rejected by a panel of the Fifth District Court of Appeal in *California Teachers Assn. v. Governing Bd. of Golden Valley Unified School Dist.* (2002) 98 Cal.App.4th 369 [119 Cal.Rptr.2d 642] (*Golden Valley*).

In *Golden Valley*, a teacher who had been employed for one year under an emergency permit was dismissed just before the start of her second school year. (*Golden Valley, supra,* 98 Cal.App.4th at pp. 373–374.) The school district argued that, because she held only an emergency credential, the teacher was not entitled to the notice and hearing rights afforded to probationary employees. (*Id.* at p. 377; see § 44948.3, subd. (a) [requiring 30 days' written notice and right to a hearing for midyear dismissals of probationary employees due to unsatisfactory performance].) In response, the teacher invoked the default "probationary" classification of section 44915. (*Golden Valley, supra,* 98 Cal.App.4th at p. 377.) The court observed: "The Education Code does not explicitly resolve this dispute. On one hand, the statutory provisions do not explicitly prohibit a teacher with an emergency permit from being classified as a probationary employee. On the other hand, no statutory provision explicitly delineates how teachers with emergency permits should be classified. Consequently, we must determine whether the general rule set forth in section 44915 concerning when a teacher should be classified as a probationary employee applies to a teacher with an emergency permit." (*Ibid.,* fn. omitted.)

After tracing the historical development of Education Code provisions concerning teacher classification and provisional credentials (*Golden Valley, supra,* 98 Cal.App.4th at pp. 379–382), the court concluded section 44915 applies to teachers serving under an emergency permit as well as fully

credentialed teachers, and "teachers serving under an emergency permit who satisfy the requirements of section 44915 are entitled to the statutory protections governing the dismissal of a probationary employee." (98 Cal.App.4th at p. 383.) Although (as here) the school district relied on section 44911 and *Summerfield* to argue provisionally credentialed teachers are not truly probationary, the court observed that the exclusion they establish—i.e., that time served under an emergency permit does not count toward attaining permanent status—"would not be necessary unless service by teachers with emergency permits was otherwise eligible to be counted . . . ." (98 Cal.App.4th at p. 382.) Thus, the very existence of the exclusion in section 44911 implies that teachers with emergency permits can be classified as probationary employees. (98 Cal.App.4th at pp. 382–383.)[5]

A different panel of the Fifth District Court of Appeal recently reaffirmed the *Golden Valley* holding. In *Bakersfield, supra,* 145 Cal.App.4th at pp. 1269–1270, a school district effecting a layoff sent "release" notices to approximately 154 employees who were considered temporary because they held something less than a full teaching credential. Like the District here, the school district made their employees' classification dependent upon their level of certification and, further, required all employees without full credentials to sign contracts acknowledging their temporary status. (*Id.* at p. 1277.) The appellate court explained this view of classification is incorrect; rather, "[a]s a general rule . . . , classification and certification operate independently of one another. . . . [A] person who has been determined to be qualified to teach is not a temporary employee simply because he or she is not yet fully accredited, but rather because he or she occupies a position the law defines as temporary." (*Ibid.*)

Just as the District does in this appeal, the school district in *Bakersfield* conflated the concepts of teacher credentialing with classification, reasoning that since teachers working under a provisional credential do not earn credit toward permanent status (§ 44911), whereas probationary employees generally do earn such credit (§ 44929.21, subd. (b)), a person working under a provisional credential must by definition be something less than probationary. (See *Bakersfield, supra,* 145 Cal.App.4th at p. 1295, fn. 22 [summarizing this line of reasoning].) However, *Golden Valley* and *Bakersfield* make it clear that a provisionally credentialed teacher may possess some of the rights of probationary employees, such as protections against midyear dismissals and layoffs, although she does not possess others, such as progress toward tenure.

---

[5] In a footnote in *Summerfield,* we remarked in passing that the plaintiff had been "mistakenly" classified as a probationary employee while she worked under an emergency permit. (*Summerfield, supra,* 95 Cal.App.4th at p. 1035, fn. 6.) However, the District's reliance on this comment is misplaced. The issue in *Summerfield* concerned only the accrual of time toward tenure. The plaintiff's classification was not disputed, and we were not called upon to determine whether holding an emergency permit has any effect on classification.

(*Bakersfield, supra*, 145 Cal.App.4th at p. 1295, fn. 22; *Golden Valley, supra*, 98 Cal.App.4th at pp. 383–384.) The Education Code mandates that teachers be classified as probationary employees if they are not permanent and do not fall within one of the narrowly defined classes of temporary employees. (§ 44915.) School districts have *no discretion* to deviate from the Code's classification scheme. (*Bakersfield, supra*, 145 Cal.App.4th at p. 1299; see *Eureka Teacher's Assn. v. Board of Education* (1988) 202 Cal.App.3d 469, 473–474 [247 Cal.Rptr. 790] [district cannot impose a classification contrary to statutory scheme].) The fact that provisionally credentialed teachers do not accrue credit toward tenure (§ 44911) is merely an exception to the general rule that after two years a probationary employee attains permanent status (§ 44929.21, subd. (b).) Nothing in the Education Code suggests the lesser status of their credentials removes such teachers from the rule—i.e., probationary classification—entirely.

Nor do we agree with the District's assertion that cases extending *Summerfield* compel a different result. In *Motevalli, supra*, 122 Cal.App.4th 97, and *Culbertson v. San Gabriel Unified School Dist.* (2004) 121 Cal.App.4th 1392 [18 Cal.Rptr.3d 234] (*Culbertson*), Division Three of the Second District Court of Appeal considered whether the notice of reelection paragraph of section 44929.21, subdivision (b) applies to teachers serving under an emergency permit. Section 44929.21, subdivision (b) has two paragraphs of note: a "tenure" paragraph, which provides that a probationary employee becomes permanent when he or she is reelected to a third year after two consecutive years in a position requiring certification qualifications; and a "notice" paragraph, which requires districts to notify probationary employees on or before March 15 of their second consecutive year of the decision whether to reemploy them for a third year and states that, absent timely notice, the employee is deemed reelected. (See *Culbertson, supra*, 121 Cal.App.4th at pp. 1396–1397 [naming these the "tenure" and "notice" paragraphs].)[6] Because provisionally credentialed teachers do not accrue time toward permanent status (§ 44911; *Summerfield, supra*, 95 Cal.App.4th at

---

[6] Section 44929.21, subdivision (b) provides, in full: "Every employee of a school district of any type or class having an average daily attendance of 250 or more who, after having been employed by the district for two complete consecutive school years in a position or positions requiring certification qualifications, is reelected for the next succeeding school year to a position requiring certification qualifications shall, at the commencement of the succeeding school year be classified as and become a permanent employee of the district. [¶] The governing board shall notify the employee, on or before March 15 of the employee's second complete consecutive school year of employment by the district in a position or positions requiring certification qualifications, of the decision to reelect or not reelect the employee for the next succeeding school year to the position. In the event that the governing board does not give notice pursuant to this section on or before March 15, the employee shall be deemed reelected for the next succeeding school year. [¶] This subdivision shall apply only to probationary employees whose probationary period commenced during the 1983–84 fiscal year or any fiscal year thereafter."

p. 1028), the "tenure" paragraph cannot apply to them. (*Culbertson, supra,* 121 Cal.App.4th at p. 1397.) The question in *Culbertson* and *Motevalli* was whether provisionally credentialed teachers enjoy automatic reelection pursuant to the "notice" paragraph if they do not receive a notice of nonreelection by March 15 of their second consecutive year. Reasoning that the paragraphs of the subdivision are interdependent, the court concluded the employees do not have a right to automatic reelection in these circumstances. (*Motevalli, supra,* 122 Cal.App.4th at pp. 110–111; *Culbertson, supra,* 121 Cal.App.4th at pp. 1397–1398.) Because such employees are not eligible for permanent employment, it would have made no sense to impose early notice and automatic reelection requirements that are part of the progress toward permanency described in section 44929.21, subdivision (b).

Notably, neither decision suggests teachers with provisional credentials are something less or other than probationary employees. By its own terms section 44929.21, subdivision (b) applies only to "probationary employees"; therefore, the court's analysis of this statute for emergency permit holders assumes such a classification is possible. Indeed, the *Motevalli* decision expressly concluded the provisionally credentialed teacher in that case was a probationary employee based on the default rule of section 44915. (*Motevalli, supra,* 122 Cal.App.4th at pp. 109–111 ["she was a probationary teacher, albeit working under an emergency credential"].) Moreover, the conclusion that provisionally credentialed teachers do not have automatic reelection rights under section 44929.21, subdivision (b) does not mean *all* rights the Code affords probationary employees are similarly off limits. The notice and automatic reelection rights provided in section 44929.21, subdivision (b) are so closely related to the acquisition of tenure that the Legislature has described these concepts in the same subdivision. The same is not true of layoff rights afforded to probationary employees, where, as we shall discuss, tenure is relevant only to the order of termination and reappointment.[7]

Accordingly, because the record does not establish that the 43 teachers in this appeal were hired to fill temporary vacancies (see, e.g., §§ 44919, 44920), they were probationary employees by operation of law. (§ 44915; see

---

[7] Another case relied upon by the District, *Fine v. Los Angeles Unified School Dist., supra,* 116 Cal.App.4th 1070, is also inapposite. The question in *Fine* was whether a school district had to alter a teacher's classification, as a probationary teacher progressing toward tenure, retroactive to the validity date of her teaching credential, rather than the date when she registered the credential with the district. (*Id.* at p. 1076.) Because no clear statutory mandate required such a retroactive reclassification, the court concluded the teacher was not serving under the new credential until she registered it. (*Id.* at pp. 1078–1079.) The legal discussion pertains only to how time toward tenure is computed—an issue not before us in this appeal. Indeed, based on the holding in *Golden Valley,* the *Fine* court observed the teacher "was apparently entitled to classification as a probationary employee, for purposes other than attaining tenure," while she served under an emergency permit. (*Id.* at p. 1077, fn. 6.)

*Bakersfield, supra,* 145 Cal.App.4th at pp. 1279–1280; *Motevalli, supra,* 122 Cal.App.4th at pp. 109–110.) We next consider whether probationary teachers who hold provisional credentials are entitled to the statutory layoff rights provided to other probationary employees.

## II. *Layoff Rights of Probationary Teachers with Provisional Credentials*

■ The procedures required for economic layoffs are described in sections 44949, 44955 and 44957. In this process, the Code requires permanent employees to be released after probationary employees, and terminations must proceed in reverse order of the employees' seniority. (§ 44955, subds. (b) & (c).) Both permanent and probationary employees are entitled to notice of their termination and must be provided with a hearing, upon demand, to determine if there is cause for not reemploying them the following year. (§§ 44949, subds. (a) & (b), 44955, subd. (c).) For two years after an economic layoff, a probationary employee has a preferred right to reappointment, subject only to the prior reappointment rights of permanent employees and probationary employees who have more seniority. (§ 44957; see also *Mendocino, supra,* 92 Cal.App.4th at p. 527 [summarizing the rights of probationary teachers in a layoff].)

These statutory rights are expressly provided only to permanent and probationary employees (see *Neumarkel v. Allard* (1985) 163 Cal.App.3d 457, 463, 466 [209 Cal.Rptr. 616] [layoff benefits not available to administrative employees of a county superintendent]), but the statutes themselves make no further distinction based on the status of an employee's credential. The Supreme Court has held that districts must follow the layoff statutes when they terminate a probationary employee for purely economic reasons. (*Gassman v. Governing Board, supra,* 18 Cal.3d at p. 140 [economically motivated release of a probationary employee had to be conducted under layoff statutes and not as a termination for cause]; see also *Board of Education v. Round Valley Teachers Assn., supra,* 13 Cal.4th at p. 279 ["If . . . the school district terminates a probationary employee because of a decline in pupil attendance, discontinuance of a service, or modification of curriculum, the school district must comply with procedures governing layoffs, including notice, hearing, and rights to reappointment if the work force is reinstated"].)

■ Arguably, these statutory layoff protections are inconsistent with the conditional nature of probationary employment. A probationary teacher has no vested right to be rehired. (*Turner v. Board of Trustees* (1976) 16 Cal.3d 818, 825 [129 Cal.Rptr. 443, 548 P.2d 1115].) "By labelling [*sic*] the position probationary, the Legislature had clearly advised the employee that the position is neither vested nor permanent. Probation means the teacher is on trial—his competence and suitability remaining to be determined. [Citation.]"

(*Ibid.*) School districts have complete discretion to release probationary employees at yearend, i.e., nonreelect them, without showing cause for the decision and without providing any means of appeal or redress. (*Bellflower Education Assn. v. Bellflower Unified School Dist., supra,* 228 Cal.App.3d at p. 808.)

 The question of which of these conflicting statutory schemes has primacy—probationary employees' layoff rights (§§ 44949, 44955, 44957) or districts' discretion to nonreelect probationary employees without cause (§ 44929.21)—arose in *Cousins, supra,* 24 Cal.App.4th 1846. In *Cousins,* a school district determined it was necessary to terminate several certificated employees for financial reasons. Rather than following the layoff procedures of sections 44949 and 44955, the district served the plaintiff, a second year probationary employee, with a notice of nonreelection pursuant to section 44929.21, subdivision (b). (*Cousins, supra,* 24 Cal.App.4th at pp. 1848–1849.) The employee argued the district should not be allowed to circumvent her statutory layoff protections by issuing a notice of nonreelection. (*Id.* at p. 1849.) After tracing the history of statutory provisions concerning layoffs and nonreelection of probationary employees, the court agreed. (*Id.* at pp. 1850–1853.) Reading the statutes together, the court concluded the broad nonreelection provisions of section 44929.21 are qualified by the more specific requirements that sections 44949 and 44955 impose in the context of an economic layoff. (*Cousins, supra,* 24 Cal.App.4th at pp. 1853–1854.) "A school district may elect not to retain a probationary employee and need not assert a reason for termination but where, as here, it is undisputed that termination was prompted by the conditions described in section 44955 (decline in daily attendance, reduction or discontinuance of services, modification of curriculum) then a school district is obliged to provide appropriate notice and right to a hearing as prescribed by section 44949. Layoffs must proceed in accordance with the criteria set forth in section 44955 and the procedures prescribed by section 44949. [Citations.] 'In the event that a permanent *or probationary* employee is not given the notices and a right to a hearing . . . he or she shall be deemed reemployed for the ensuing school year.' (§ 44955, subd. (c).)" (*Cousins, supra,* 24 Cal.App.4th at p. 1854.)[8]

The District does not distinguish *Cousins* except to assert it does not apply because the employees here were temporary, not probationary. For reasons discussed previously, this distinction is faulty because the 43 teachers were probationary by operation of law (§ 44915). Moreover, we perceive no

[8] *Cousins*'s holding was cited with approval by the Supreme Court in *Board of Education v. Round Valley Teachers Assn., supra,* 13 Cal.4th at pp. 278–279, a case in which the high court distinguished between "nonreelection" and "dismissal" of probationary employees. (See *id.* at p. 283.)

principled basis for disregarding *Cousins* when the probationary employees involved do not hold full credentials. The holding of *Cousins* had nothing to do with the teacher's credentials. Rather, purely as a matter of statutory interpretation, the court concluded the specific Education Code provisions concerning economic layoffs take precedence over the more general rule of nonreelection. (*Cousins*, *supra*, 24 Cal.App.4th at p. 1854.) There is no reason to think the outcome should be reversed—such that the nonreelection statute is paramount—when the teacher who is terminated for economic reasons lacks a full credential.

Without any authority directly on point, the District asserts layoff protections are only available to teachers who have a reasonable "expectation of continued employment." Similarly, the trial court believed the layoff statutes "presuppose[] that a certificated employee's term of employment continues to the ensuing year and the employee is on track to permanent status. . . ." But these arguments prove too much. School districts have discretion to nonreelect any probationary employee, regardless of the type of credential he or she holds. (See *Board of Education v. Round Valley Teachers Assn.*, *supra*, 13 Cal.4th at p. 281 [school districts have "the absolute right to decide not to reelect probationary teachers without providing cause or other procedural protections"].) Only as of March 15 of a probationary employee's second consecutive year does a district lose that discretion (because, failing a notice of nonreelection by March 15 of that second year, the employee is automatically reelected into a permanent position). (§ 44929.21, subd. (b).) Until then, *no* probationary employee has a reasonable "expectation of continued employment," nor any reason to believe his or her "term of employment continues to the ensuing year." If this were the prerequisite for application of sections 44949 and 44955—and it appears nowhere in the statutes—no first-year probationary teacher, even one holding a full credential, would be protected in the event of an economic layoff. Clearly, such a result would be contrary to the statutory scheme, which grants protections to *all* probationary employees. (See § 44955 ["no probationary employee shall be deprived of his or her position . . ."]; § 44957 ["Any probationary employee whose services have been terminated as provided in Section 44955 shall have the following rights . . ."].) If the Legislature had meant to limit these rights to probationary employees with full credentials, it could have easily said so.[9]

---

[9] The District asserts such a limitation can be inferred from section 44957, subdivision (c), the statute concerning reappointment rights, because this provision states that a laid off employee's period of absence "shall not be counted as a part of the service required for attaining permanent status." Simply because the statute addresses an issue affecting one class of teachers—i.e., fully credentialed teachers on track to permanent status—does not mean the statute has no application to other teachers. The District's interpretation reads too much into subdivision (c) and contradicts the opening words of the statute, which state the rights defined shall be provided to "[a]ny probationary employee." (§ 44957.)

■ The Code states that employment under a provisional credential may not be counted in computing an employee's time toward achieving permanency. (§ 44911.) Beyond this limitation, however, the Code does not restrict provisionally credentialed teachers from enjoying rights afforded to their fully credentialed colleagues of the same classification. In the context of a midyear dismissal,[10] the decision in *Golden Valley* made it clear that, where matters of tenure are not involved, an emergency permit holder is entitled to the same statutory protections as other probationary employees. (*Golden Valley, supra,* 98 Cal.App.4th at pp. 383–384 [holding emergency permit holders "who satisfy the requirements of section 44915 are entitled to the statutory protections governing the dismissal of a probationary employee" and rejecting policy arguments against recognizing such protections].)

■ The court that decided *Golden Valley* recently reaffirmed this holding and extended it to the context of yearend layoffs, such as we now consider. (*Bakersfield, supra,* 145 Cal.App.4th 1260.) After concluding the provisionally credentialed teachers before it were probationary employees, the court stated: "A probationary employee working under an emergency teaching or specialist permit does not accrue credit toward permanent status (§ 44911; *Summerfield, supra,* 95 Cal.App.4th 1026), but is entitled to the statutory protections accorded such employees in the event of a dismissal for cause or unsatisfactory performance (§§ 44948, 44948.3 & 44949; *Golden Valley, supra,* 98 Cal.App.4th 369), *or a layoff as the result of a reduction in the workforce* (§ 44955)." (*Bakersfield, supra,* 145 Cal.App.4th at pp. 1299–1300, italics added.) We agree with this conclusion. The cases holding emergency permit holders do not have an automatic right of reelection after the second probationary year are consistent with this result because, as these cases observe, the automatic reelection provision of section 44929.21, subdivision (b) is closely tied to the same subdivision's provision regarding tenure acquisition. (*Motevalli, supra,* 122 Cal.App.4th at pp. 110–111; *Culbertson, supra,* 121 Cal.App.4th at pp. 1397–1398.) In contrast, the statutory rights of prior notice, a hearing, and preferential reappointment after a termination for economic reasons (§§ 44949, 44955) are not related to the acquisition of tenure. Providing such rights to provisionally credentialed teachers would not contradict the directive in section 44911 that time served under such a credential shall not count toward achieving permanent status.

Nevertheless, the District and amicus curiae assert it would be unfair and contrary to public policy to require them to provide layoff rights to teachers who lack full credentials. They argue there is a strong policy preference, manifested in provisions of the federal No Child Left Behind Act of 2001

---

[10] The statute governing midyear dismissals (§ 44948.3) applied although the teacher in question was dismissed just before the start of the school year. (*Golden Valley, supra,* 98 Cal.App.4th at pp. 374, 376.) Here, "midyear" is distinguished from a yearend termination.

(20 U.S.C. § 6301 et seq.) for hiring fully credentialed teachers. However, because section 44955 requires layoffs to be conducted based upon teachers' classification and seniority and section 44957 gives teachers a right of preferred reappointment based upon classification and seniority, alone, the District imagines it could be required to retain or reappoint provisionally credentialed teachers ahead of fully credentialed teachers who have less seniority. This result could theoretically occur because in California a teacher's seniority is determined solely by "the date upon which [a probationary or permanent employee] first rendered paid service in a probationary position." (§ 44845.) None of the statutes in question conditions seniority on the type of credential an employee holds. As the Fifth District Court of Appeal noted in rejecting the same policy argument, "If the Legislature had intended that only probationary and permanent employees *with a preliminary or clear credential* shall acquire seniority, it would not have been difficult to say so. . . . But once having determined that certificated employees with less than a regular credential must in certain circumstances be classified as probationary, we cannot then overlook the clear directive in section 44845 that, as probationary employees, they are entitled to accrue seniority." (*Bakersfield, supra,* 145 Cal.App.4th at p. 1301.)

■ We would add that school districts enjoy somewhat greater discretion in determining which teachers are released or rehired than the District and amicus curiae let on. Although districts must generally conduct layoffs starting with probationary employees who have the least seniority, when multiple employees share the same start date—such as, for example, the beginning of the previous school year—the district "shall determine the order of termination solely on the basis of needs of the district and the students thereof." (§ 44955, subd. (b).) The Code also allows districts to take account of a teacher's "qualifications" in making assignments and reassignments as part of a layoff. (§ 44955, subd. (c) ["The governing board shall make assignments and reassignments in such a manner that employees shall be retained to render any service which their seniority *and qualifications* entitle them to render," italics added].) Similarly, while teachers are generally to be rehired based on their level of seniority, districts must take account of whether a "probationary or temporary employee . . . is *certificated and competent to render*" the service for which he or she is being rehired. (§ 44957, subd. (a), italics added.) In language that contemplates the rehiring of probationary employees who lack a full credential, the rehire statute specifies: "[P]rior to reappointing any employee to teach a subject which he or she has not previously taught, *and for which he or she does not have a teaching credential* or which is not within the employee's major area of

postsecondary study . . . , the governing board shall require the employee to pass a subject matter competency test in the appropriate subject." (*Ibid.*, italics added.)

Another option to avoid the problem of rehiring less qualified teachers would be for a school district to exercise its discretion to nonreelect probationary employees who lack a full credential. In *Mendocino, supra*, 92 Cal.App.4th 522, Division Five of this court considered whether a school district had authority to nonreelect a probationary teacher who had been laid off for economic reasons but was eligible for preferred reappointment. The court considered the policies served by the nonreelection statute (§ 44929.21, subd. (b)) and the layoff statutes (§§ 44949, 44955, 44957) and concluded a district's absolute right of nonreelection, and its purpose of ensuring children are taught by qualified educators, prevails. (*Mendocino, supra*, 92 Cal.App.4th at p. 528.) Thus, "a school district that has told a probationary teacher he or she will be laid off for economic reasons under section 44955, may thereafter validly determine not to reelect the teacher under section 44929.21." (*Ibid.*) Based on the *Mendocino* decision, if a school district wishes to nonreelect certain probationary employees after a layoff (such as those lacking full credentials), it may do so.[11]

Thus, school districts have tools at their disposal enabling them to retain and rehire the most qualified teachers, and no pressing policy reason requires us to read an exclusion into the layoff provisions that is not supported by statutory language. We would not be inclined to do so in any event. "[T]he question before us is not whether, as a matter of policy, our construction of the statutes achieves the optimal balance of competing societal interests. Our role is confined to construing the statutes in a manner that effectuates the apparent intent of the Legislature. The current Legislature is free to weigh the competing public policies affected by this decision and amend the statutes to strike a different balance among those policies." (*Golden Valley, supra*, 98 Cal.App.4th at p. 384; see also *Taylor v. Board of Trustees, supra*, 36 Cal.3d at p. 509 [observing "the Education Code is the product of many compromises between competing considerations"].)

---

[11] This is not to say that a school district may rely on section 44929.21 to deny layoff rights to probationary employees in the first place when they are terminated for economic reasons. The *Mendocino* court carefully distinguished *Cousins, supra*, 24 Cal.App.4th 1846 and *Gassman v. Governing Board, supra*, 18 Cal.3d 137, because the district's decision not to reelect the teacher in question was not based on economic considerations; rather, the district had concluded the teacher was " 'not a good match for the district.' " (*Mendocino, supra*, 92 Cal.App.4th at pp. 529–530.) Thus, although a school district must follow the layoff statutes when it releases a probationary employee for economic reasons (*Cousins, supra*, 24 Cal.App.4th at pp. 1853–1854), it may thereafter choose to nonreelect that employee for other reasons, such as his or her lack of a full or clear teaching credential. (*Mendocino, supra*, 92 Cal.App.4th at pp. 528–530.)

## DISPOSITION

The judgment is reversed, and the trial court is directed to enter an order granting the petition for writ of mandate. On remand, the trial court shall conduct further proceedings on the issues of damages and reappointment rights of the teachers who are the subject of this appeal. The parties previously stipulated to allow discovery on the issue of mitigation of damages, and we agree such discovery should be permitted. (See *Bakersfield*, *supra*, 145 Cal.App.4th at p. 1303.) Costs on appeal are awarded to CTA.

Parrilli, J., and Pollak, J., concurred.